303 F.3d 450
 GRANITE STATE OUTDOOR ADVERTISING, INC., Plaintiff-Appellant,
v.
TOWN OF ORANGE, CONNECTICUT, a political subdivision of the State, Mitchell R. Goldblatt, as an individual and in his capacity as First Selectman, Michael Paolini, as an individual and in his capacity as Chairman of the Plan and Zoning Commission, and Paul Dinice, as an individual and in his capacity as Zoning Administrator and Enforcement Officer, Defendants-Appellees.
 No. 01-9345.
 United States Court of Appeals, Second Circuit.
 Argued: September 3, 2002.
 Decided: September 13, 2002.
 
 Kevin C. Shea, William H. Clendenen, Jr., P.C., New Haven, CT; Sean R. Smith, E. Adam Webb (of counsel), Dow, Lohnes & Albertson, PLLC, Atlanta, GA, for appellant.
 Thomas R. Gerarde, Howd & Ludorf, Hartford, CT, for appellees.
 Before CALABRESI, B.D. PARKER, Circuit Judges, and STEIN, District Judge.*
 PER CURIAM.
 
 
 1
 Granite State Outdoor Advertising ("Granite") describes itself as being "in the business of buying or leasing land upon which to construct signs to be used for the dissemination of both commercial and noncommercial speech." On September 20, 2000, Wayne Charles, President of Granite, submitted nine sign applications to the Town of Orange ("Town"), one for each location at which Granite planned to construct billboards, for a total of ten signs. Less than thirty days after the applications were submitted, the Town's zoning enforcement officer notified Granite by mail that all of its applications were denied pursuant to the Town's sign regulations.
 
 
 2
 Three months later, Granite filed suit in federal district court seeking injunctive relief and damages, arguing in its complaint, inter alia, that the speech restrictions contained in the regulations violated the First Amendment. Granite sought an injunction against the Town's enforcement of any part of the sign regulations, as well as damages and attorneys' fees. Shortly before the district court was to rule on Granite's motion for a preliminary injunction, the Town amended its regulations.
 
 
 3
 In order to establish that there is a likelihood of success on the merits, as required for an injunction against the Town to lie, see Sal Tinnerello & Sons, Inc. v. Town of Stonington, 141 F.3d 46, 51-52 (2d Cir.1998), the movant must establish that the case is not likely to be moot. This is so because mootness divests a federal court of jurisdiction to adjudicate the merits of a claim, see Catanzano v. Wing, 277 F.3d 99, 107 (2d Cir.2001), and hence would negate the litigant's chance of success on that claim. The district court ruled that the dispute underlying the request for an injunction had become moot in light of the Town's intervening amendment of its sign regulations and therefore denied the injunction.
 
 
 4
 Granite appeals. Granite argues first that its claims are not moot (1) because it has a right pursuant to state law, Conn. Gen.Stat. § 8-2h, to have its applications considered under the unamended regulations that were in force at the time it filed (and whose constitutionality it challenges) and (2) because the Town is free to reenact those unconstitutional regulations at any time. Granite then urges us to find that the unamended sign regulations are unconstitutional on their face, that severability cannot save them, and that they should be declared null and void. Granite makes no challenge to the new sign regulations.
 
 
 5
 The voluntary cessation of allegedly illegal activities will usually render a case moot "if the defendant can demonstrate that (1) there is no reasonable expectation that the alleged violation will recur and (2) interim relief or events have completely and irrevocably eradicated the effects of the alleged violation." Campbell v. Greisberger, 80 F.3d 703, 706 (2d Cir.1996) (internal quotation marks omitted); see also Catanzano, 277 F.3d at 107 (2d Cir.2001). Here, there is no reason to think that, having completely revised its regulations through proper procedures, the Town has any intention of returning to the prior regulatory regime. Moreover, Granite does not contend that the amended sign regulations are unconstitutional, and thus there is no reason to believe that any unconstitutional restrictions are currently in place.
 
 
 6
 Nor does the existence of Conn. Gen.Stat. § 8-2h preserve our jurisdiction. This statute provides that applications filed before zoning regulations are amended need to comply just with the regulations in effect at the time the application was filed. See Conn. Gen.Stat. § 8-2h. Accordingly, Connecticut state courts interpreting § 8-2h have held that, regardless of later amendments, only those regulations that were in place at the time an application was filed may be applied to that application. See Protect Hamden/North Haven v. Planning and Zoning Comm'n, 220 Conn. 527, 540, 600 A.2d 757 (Conn.1991); Michel v. Planning and Zoning Comm'n, 28 Conn.App. 314, 318, 612 A.2d 778 (Conn.App.1992). The plain language of the statute, however, establishes that applications that are "in conformance with the applicable zoning regulations as of the time of filing," and no others, may be so "grandfathered." Conn. Gen.Stat. § 8-2h(a). Because Granite State concedes that, when filed, its application did not conform with the height and size requirements of the then-applicable regulations, § 8-2h does not govern. And, importantly, Granite State makes no argument that § 8-2h, in making compliance with the challenged regulations a prerequisite to grandfathering, is itself unconstitutional as applied in this case.
 
 
 7
 Under the circumstances, the district court ruled correctly that Granite does not have a likelihood of success on the merits of the claim they brought and properly denied the injunction they sought.
 
 
 8
 We have considered all of the plaintiff's arguments and find them meritless. We therefore AFFIRM the Order of the District Court.
 
 
 
 Notes:
 
 
 *
 The Honorable Sidney H. Stein, United States District Judge for the Southern District of New York, sitting by designation