20-3187-cv
National Rifle Association of America v. Hochul

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 16th day of November, two thousand twenty-one.

PRESENT:
> AMALYA L. KEARSE,
> RAYMOND J. LOHIER, JR.,
> MICHAEL H. PARK,
> *Circuit Judges.*

_____

NATIONAL RIFLE ASSOCIATION OF AMERICA,

*Plaintiff-Appellant,*

v.                                    No. 20-3187-cv

KATHY HOCHUL,* IN HER OFFICIAL CAPACITY, ANDREW CUOMO, INDIVIDUALLY, NEW YORK STATE DEPARTMENT OF ECONOMIC DEVELOPMENT, DBA EMPIRE STATE DEVELOPMENT, ERIC GERTLER, BOTH INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY, NEW YORK STATE DEPARTMENT OF LABOR, ROOM 134 BLDG. 12, THE STATE CAMPUS, ALBANY, NY 12240, ROBERTA REARDON, BOTH INDIVIDUALLY AND IN HER OFFICIAL CAPACITY,

*Defendants-Appellees.*

_____

| | |
|---|---|
| FOR PLAINTIFF-APPELLANT: | PHILIP J. FURIA, William A. Brewer III, Sarah B. Rogers, Mordecai Geisler, Brewer, Attorneys & Counselors, New York, NY |
| FOR DEFENDANTS-APPELLEES: | BRIAN D. GINSBERG, Assistant Solicitor General, Barbara D. Underwood, Solicitor General, Andrea Oser, |

---

\* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Governor Kathy Hochul in her official capacity is automatically substituted for former Governor Andrew Cuomo in his official capacity as a Defendant-Appellee.

Deputy Solicitor General, *for* Letitia James, Attorney General of the State of New York, Albany, NY

Appeal from a judgment of the United States District Court for the Northern District of New York (Mae A. D'Agostino, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court is AFFIRMED in part and the appeal is DISMISSED in part as moot.

In this action brought under 42 U.S.C. § 1983, the National Rifle Association of America (NRA) appeals from the August 14, 2020 judgment of the District Court (D'Agostino, <u>J.</u>) granting the Defendants' motion for judgment on the pleadings and denying the NRA's cross-motion for leave to amend its complaint. The NRA challenged New York's Executive Order 202.8, a COVID-19 measure that banned in-person operations of non-essential businesses without specifically exempting segments of the firearm industry, on the ground that the order violated its rights (and those of its members) under the Second, Fifth, and Fourteenth Amendments. The NRA sought injunctive and declaratory relief, as well as nominal damages.

After suit was filed, in June 2021 Governor Andrew Cuomo rescinded the challenged order along with a series of other COVID-19 restrictions, see N.Y. Exec. Order 210 (June 24, 2021), and the New York State legislature curtailed the Governor's emergency powers to reissue COVID-19 restrictions, see 2021 N.Y. Sess. Laws ch. 71 § 4. We assume the parties' familiarity with the underlying facts and the record of prior proceedings, to which we refer only as necessary to explain our decision to affirm in part and dismiss in part.

**I.     The NRA's Claim for Declaratory and Injunctive Relief**

At oral argument, counsel for the NRA did not contest that its claims for injunctive and declaratory relief in the first amended complaint (FAC) and the proposed second amended complaint (SAC) are now moot. See Oral Argument Audio Recording at 1:50-2:20; 4:46-4:54. We agree. There is no reasonable prospect that the Governor's rescinded order will be revived, especially since the New York State legislature curtailed the Governor's emergency powers to reissue COVID-19 restrictions. See Conn. Citizens Def. League, Inc. v. Lamont, 6 F.4th 439, 446 (2d Cir. 2021); see also Granite State Outdoor Advert., Inc. v. Town of Orange, Conn., 303 F.3d 450, 451–52 (2d Cir. 2002). Nor have we been pointed to any "ongoing

4

harm from or lingering effect of" the challenged order.  Am. Freedom Def. Initiative v. Metro. Transp. Auth., 815 F.3d 105, 110 (2d Cir. 2016).  This Court very recently reviewed a similar challenge to Executive Order 202.8 and determined that the case, which involved claims for injunctive relief only, was moot for the same reasons.  See Dark Storm Indus. LLC v. Hochul, No. 20-2725-CV, 2021 WL 4538640, at *1–2 (2d Cir. Oct. 5, 2021).  We therefore dismiss as moot the NRA's appeal from the District Court's dismissal of its claims for injunctive and declaratory relief.

**II.    The NRA's Claim for Damages**

In addition to injunctive and declaratory relief, the NRA's FAC seeks nominal damages on behalf of NRA members who were prevented from purchasing ammunition and firearms.  The SAC, by contrast, seeks nominal damages on behalf of the NRA itself.  The rescission of the Executive Order did not moot these claims for damages.  See Van Wie v. Pataki, 267 F.3d 109, 115 n.4 (2d Cir. 2001).  However, we affirm the District Court's dismissal of these claims for the following reasons.

The FAC alleges only injuries to the NRA's members.  We have held,

5

however, that "organizations suing under Section 1983 must, without relying on their members' injuries, assert that their own injuries are sufficient to satisfy Article III's standing requirements." N.Y. State Citizens' Coal. for Child. v. Poole, 922 F.3d 69, 74–75 (2d Cir. 2019) (citing Aguayo v. Richardson, 473 F.2d 1090, 1099–1100 (2d Cir. 1973)). Because the NRA failed to allege its own injuries separate and apart from injuries to its members, it lacks standing in this § 1983 action to pursue a claim for nominal damages. We therefore affirm the District Court's dismissal of that claim.

We conclude that the NRA's proposed claim for nominal damages in the SAC is barred by Eleventh Amendment sovereign immunity because the SAC proposes to sue the Defendants only in their official capacities. The Eleventh Amendment bars claims for money damages against state officials in their official capacities, see Ford v. Reynolds, 316 F.3d 351, 354 (2d Cir. 2003), including in § 1983 suits, see Will v. Mich. Dep't of State Police, 491 U.S. 58, 66–67 (1989). Although we recognize that the District Court relied on a different ground to deny the NRA's motion for leave to file the proposed SAC, including the SAC's claim for nominal damages, we affirm the denial as to that claim on the ground that it is

6

barred by Eleventh Amendment sovereign immunity.[1] See Ferran v. Town of Nassau, 471 F.3d 363, 365 (2d Cir. 2006) ("[W]e may affirm on any basis for which there is sufficient support in the record, including grounds not relied on by the District Court . . . .").

Apparently acknowledging that our precedent relating to associational standing and Eleventh Amendment immunity may result in affirmance of the District Court's dismissal, counsel for the NRA stated at oral argument on appeal, "We don't want to pursue that nominal damages claim, as pled." Oral Argument Audio Recording at 4:37-4:43. The NRA argued instead that we should remand this matter to the District Court with leave to replead so that it may present a claim for damages against various Defendants in their individual as well as their official capacities. We decline to consider this argument, which was raised for the first time at oral argument, and which we deem to have been forfeited. See United States v. Barnes, 158 F.3d 662, 672 (2d Cir. 1998); United States v. Pascarella, 84 F.3d 61, 73 (2d Cir. 1996) (declining to consider a point first made at oral

---

[1] Because we conclude that the NRA's claims under the SAC are barred by sovereign immunity or moot, we need not reach the issue of whether the District Court erred in determining that the SAC failed to plead an adequate injury-in-fact for purposes of organizational standing.

7

argument).

We have considered the NRA's remaining arguments and conclude that they are without merit. For the foregoing reasons, the judgment of the District Court is AFFIRMED in part and the appeal is DISMISSED in part as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court