American Freedom v. Metropolitan Transportation Authority

UNITED STATES COURT OF APPEALS

FOR THE SECOND CIRCUIT

————————

August Term, 2015

(Argued: January 15, 2016          Decided: March 3, 2016)

Docket No. 15-1997

————————

AMERICAN FREEDOM DEFENSE INITIATIVE, PAMELA
GELLER, ROBERT SPENCER,

*Plaintiffs-Appellants*,

—v.—

METROPOLITAN TRANSPORTATION AUTHORITY, THOMAS F. PRENDERGAST,
INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY AS THE CHAIRMAN AND CHIEF
EXECUTIVE OF THE MTA, JEFFREY B. ROSEN, INDIVIDUALLY AND IN HIS OFFICIAL
CAPACITY AS THE DIRECTOR OF THE MTA REAL ESTATE DEPARTMENT.,

*Defendants-Appellees*.[*]

————————

---

[*] The Clerk of the Court is directed to amend the caption to conform to the above.

B e f o r e:

KATZMANN, *Chief Judge*, KEARSE, *Circuit Judge*, and Schofield, *District Judge*. [†]

_____

After the district court (Koeltl, *Judge*) preliminarily enjoined appellees from refusing to display appellants' advertisement on the ground that it would incite violence, appellees amended the relevant advertising standards and then successfully moved to dissolve the injunction as moot. On appeal, appellants principally argue that their claim is not moot because (1) appellees are likely to revert to enforcing the incitement prohibition, (2) the enforcement of the new standards also infringes appellants' First Amendment rights, and (3) appellants have obtained a vested right under state law to display their advertisement. We affirm.

_____

DAVID YERUSHALMI (Robert Joseph Muise, *on the brief*), American Freedom Law Center, Ann Arbor, Michigan, and Brooklyn, New York, *for Plaintiffs-Appellants*.

VICTOR A. KOVNER, Davis Wright Tremaine LLP, New York, New York (Linda Steinman, Eric J. Feder, Davis Wright Tremaine LLP, New York, New York, and Peter Sistrom, Metropolitan Transportation Authority, New York, New York, *on the brief*), *for Defendants-Appellees*.

_____

---

[†] The Honorable Lorna G. Schofield, of the United States District Court for the Southern District of New York, sitting by designation.

PER CURIAM:

Plaintiffs-appellants American Freedom Defense Initiative, Pamela Geller, and Robert Spencer (collectively, "AFDI") appeal from an order of the United States District Court for the Southern District of New York (Koeltl, *Judge*) dissolving a preliminary injunction on the ground that the claim underlying the injunction became moot. On appeal, AFDI argues that the district court erred in finding that the application of the voluntary cessation doctrine rendered AFDI's claim moot and that, even if the doctrine is satisfied, its claim is not moot because AFDI has obtained a "vested right" under state law. For the reasons that follow, we affirm.

## BACKGROUND

To supplement revenue from passenger fares and government funding, the Metropolitan Transportation Authority (the "MTA") has for many years accepted paid advertisements to be displayed on its subways and buses. Traditionally, the MTA accepted both commercial and non-commercial advertisements, excluding only advertisements that fell within certain discrete categories, such as, for example, misleading advertisements, advertisements promoting unlawful activity, obscene advertisements, and advertisements expected to incite violence.

In the summer of 2014, AFDI, a pro-Israel advocacy organization known for its criticism of Islam, submitted an advertisement (the "Ad") for display on the back of MTA buses. As described by the district court, "[t]he advertisement portrayed a menacing-looking man whose head and face are mostly covered by a head scarf. The ad includes a quote from 'Hamas MTV': 'Killing Jews is Worship that draws us close to Allah.' Underneath the quote, the ad stated: 'That's His Jihad. *What's yours?*' The bottom of the ad included a disclaimer[, stating] that it was sponsored by [AFDI], and did not imply the MTA's endorsement of the views expressed by the ad." *Am. Freedom Def. Initiative v. Metro. Transp. Auth. (AFDI I)*, 70 F. Supp. 3d 572, 574 (S.D.N.Y. 2015). The MTA, invoking the provision in its advertising standards barring the display of any advertisement reasonably likely to incite violence, refused to display the Ad. AFDI then filed suit against the MTA,[3] claiming that the application of the incitement prohibition to the Ad violated the First Amendment, and moved for a preliminary injunction.

After holding an evidentiary hearing, the district court found that the MTA had violated AFDI's First Amendment rights and granted AFDI's motion for a preliminary injunction. The district court's relief was limited, however; the court explained that it

---

[3] Thomas F. Prendergast, the Chairman and Chief Executive of the MTA, and Jeffrey B. Rosen, the director of the MTA's Real Estate Department, are also named as defendants.

4

was only "enjoining the enforcement of Section (a)(x) [the incitement prohibition] as to the ad in question, rather than striking down the whole standard." *Id.* at 584. Further, the district court stayed the effectiveness of the injunction for 30 days—a deadline the district court later agreed to extend at the MTA's request—"to enable the defendants to consider their appellate options and methods for display of the proposed advertisement." *Id.* at 585.

While the stay was in effect, the MTA's Board of Directors voted to amend the MTA's advertising standards. As relevant here, the new advertising standards announced an intention to convert the MTA's property from a designated public forum to a limited public forum and, to accomplish that goal, included a prohibition on any advertisement that is "political in nature." Although the new standards also continue to include the incitement prohibition, the MTA, after the Board's vote, informed AFDI that it would not display the Ad because it violated the new prohibition on advertisements that are "political in nature."

The MTA then moved the district court to dissolve the preliminary injunction, arguing that the claim on which it rested was moot in light of the change to the MTA's advertising standards and the MTA's new enforcement position. The district court

5

agreed and granted the motion. *See Am. Freedom Def. Initiative v. Metro. Transp. Auth. (AFDI II)*, 109 F. Supp. 3d 626, 628 (S.D.N.Y. 2015).

In opposing the MTA's motion, AFDI contended that the MTA had failed to satisfy the test for mootness under the voluntary cessation doctrine, in part, because the MTA's new advertising policy was just as unconstitutional as the one already enjoined. The district court, citing our decision in *Lamar Advertising of Penn, LLC v. Town of Orchard Park, New York*, 356 F.3d 365 (2d Cir. 2004), declined to rule on the merits of the MTA's new standards and informed AFDI that it would have to amend its complaint to bring that challenge. *AFDI II*, 109 F. Supp. 3d at 631, 635. Instead of amending its complaint, AFDI brought this interlocutory appeal.

During the pendency of this appeal, the district court, on the basis of a joint stipulation, entered partial final judgment finding the MTA liable for nominal damages "for the reasons set forth in [the] opinion and order granting [AFDI's] motion for preliminary injunction." *See* Order of Partial Judgment, *Am. Freedom Def. Initiative v. Metro. Transp. Auth.*, No. 14-CV-7928 (S.D.N.Y. July 15, 2015), ECF No. 67. Thirty days have since passed, and the MTA has not appealed that partial judgment.

6

## STANDARD OF REVIEW

We "may overturn a district court's decision to dissolve a preliminary injunction only if it constitutes an abuse of discretion, 'which usually involves either the application of an incorrect legal standard or reliance on clearly erroneous findings of fact.'" *SmithKline Beecham Consumer Healthcare, L.P. v. Watson Pharm., Inc.*, 211 F.3d 21, 24 (2d Cir. 2000) (quoting *ABKCO Music, Inc. v. Stellar Records, Inc.*, 96 F.3d 60, 64 (2d Cir. 1996)).

## DISCUSSION

"A case becomes moot only when it is impossible for a court to grant 'any effectual relief whatever' to the prevailing party." *Knox v. Serv. Emps. Int'l Union, Local 1000*, 132 S. Ct. 2277, 2287 (2012) (quoting *Erie v. Pap's A.M.*, 529 U.S. 277, 287 (2000)) (other internal quotation marks omitted). The voluntary cessation of challenged conduct will not "ordinarily render a case moot because a dismissal for mootness would permit a resumption of the challenged conduct as soon as the case is dismissed," *id.*; in such cases, an injunction provides "effectual relief" because it precludes the defendant from reviving the challenged conduct in that manner. Accordingly, courts will find a case moot after a defendant voluntarily discontinues challenged conduct only if "(1) it can be said with assurance that 'there is no reasonable

expectation' that the alleged violation will recur" and "(2) interim relief or events have completely and irrevocably eradicated the effects of the alleged violation." *Cty. of Los Angeles v. Davis*, 440 U.S. 625, 631 (1979) (alteration omitted) (quoting *United States v. W. T. Grant Co.*, 345 U.S. 629, 633 (1953)).

At the outset, we must determine whether the challenged conduct has, in fact, ceased. A claim will not be found moot if the defendant's change in conduct is "merely superficial or . . . suffers from similar infirmities as it did at the outset." *Lamar*, 356 F.3d at 378. The relevant question is whether the defendant's conduct has been "'sufficiently altered so as to present a substantially different controversy from the one' that existed when . . . suit was filed." *Id.* (quoting *Ne. Florida Chapter of Associated Gen. Contractors of Am. v. City of Jacksonville*, 508 U.S. 656, 671 (1993) (O'Connor, J., dissenting)).

Here, we are convinced that the MTA has altered its conduct in a manner sufficient to present a fundamentally different controversy. The "gravamen" of AFDI's complaint is that the MTA unconstitutionally applied a prohibition on incitement to an advertisement that constituted protected speech. *Cf. Jacksonville*, 508 U.S. at 662. After the district court issued its injunction, the MTA abandoned reliance on the incitement prohibition and has since applied the prohibition on advertisements that are "political in nature." As a result, AFDI's challenge (asserted only in its briefing) now focuses on

8

whether the MTA has lawfully converted the property on which it displays paid advertisements from a designated public forum to a limited public forum and whether the application of the prohibition on advertisements "political in nature" is otherwise constitutional. These new attacks on the MTA's conduct are "qualitatively different" from those contained in AFDI's complaint and reflect the formation of a sufficiently different controversy for mootness purposes. *See Lamar*, 356 F.3d at 378 n.17.

We also agree with the district court that the MTA has carried its "heavy burden of persuasion" with respect to the two prongs of the voluntary cessation doctrine. *See United States v. Concentrated Phosphate Exp. Ass'n*, 393 U.S. 199, 203 (1968). First, although the prohibition on incitement remains a part of the MTA's new advertising standards, there is no reasonable expectation that the MTA will revert to applying it to the Ad. The MTA represented in its brief that it will not do so and confirmed that position at oral argument, adding as well that its position would not change even if the new standards are ultimately struck down. Those representations are entitled to some deference. *See Harrison & Burrowes Bridge Constructors, Inc. v. Cuomo*, 981 F.2d 50, 59 (2d Cir. 1992). Further, even if the MTA had an incentive to revert to its old advertising standards and permit advertisements that are "political in nature," as AFDI argues is the case, there would still be no reasonable expectation that the MTA would return to

9

its past practice of applying the incitement prohibition to the Ad, which is all that the district court enjoined:  As the MTA conceded at oral argument, its failure to appeal the district court's award of nominal damages to AFDI means that the MTA is now collaterally estopped from relitigating the constitutionality of the application of the incitement prohibition to the Ad.  In sum, the combination of the amendments to the MTA's advertising standards, the MTA's representations to this Court, and the collateral estoppel effect of the district court's partial judgment on damages compels the conclusion that there is no reasonable expectation that the MTA will again reject the Ad under the incitement prohibition.  *Cf. Holland v. Goord*, 758 F.3d 215, 224 (2d Cir. 2014) (claim for injunctive relief moot where the challenged directive was amended, the plaintiff prisoner had prevailed in a separate administrative proceeding challenging the original directive, and the defendants "abandoned on appeal their argument that the conduct at issue [in the administrative proceeding] was constitutional").

Second, the effects of the MTA's challenged conduct have been completely eliminated.   AFDI suffers no ongoing harm from or lingering effect of the MTA's initial rejection of the Ad.  *Cf. Norman-Bloodsaw v. Lawrence Berkeley Lab.*, 135 F.3d 1260, 1275 (9th Cir. 1998) (case not moot where, even though the defendant ceased testing employees' blood and urine without consent, the defendants' retention of results of

10

prior tests constituted an ongoing effect of the challenged conduct). The MTA does not, for example, limit the number of advertisements that an entity can submit or factor in past denials when considering whether to display later-submitted advertisements. Thus, any restriction on AFDI's speech at this time is a consequence of the MTA's new advertising policy, not a relic of its old one.

Finally, we reject AFDI's alternative argument that its claim is not moot because it has a "vested right" to display the Ad. We have stated that "a party may avert mootness of its claim if it demonstrates that, prior to the amendment [of the challenged law] it accrued certain property rights or fixed expectations protected under state law." *Lamar*, 356 F.3d at 379. Under New York law, the normal rule is that an application for a permit "must be decided upon the law as it exists at the time of the decision." *Pokoik v. Silsdorf*, 358 N.E.2d 874, 876 (N.Y. 1976). Under what is known as the "special facts exception," however, if a change in the law occurs while an application for a permit is pending, courts will apply the law in effect at the time the application was filed if the applicant establishes that (1) it was "in full compliance with the requirements [of the law] at the time of the application, such that proper action upon the permit would have given [the applicant] time to acquire a vested right," and (2) the agency that denied the permit engaged in "extensive delay[ ] indicative of bad faith, [took] unjustifiable actions

11

. . . , or abuse[d] . . . administrative procedures." *Rocky Point Drive-In, L.P. v. Town of Brookhaven*, 999 N.E.2d 1164, 1167 (N.Y. 2013) (citations and quotation marks omitted). Here, AFDI argues that it satisfies the special facts exception because the denial of its initial application to display the Ad was based on a bad-faith invocation of the prohibition on incitement.

Even assuming, *arguendo*, that the special facts exceptions applies outside the context of land-use disputes, a point the parties contest, AFDI's argument still fails. AFDI argues that the MTA's director of security testified that even if the MTA "knew in the future that nobody was ever going to" "commit[] a violent act as a result of this ad," the MTA "still would have refused to run" it. But the hypothetical aspect of the director's testimony is more fairly read as the witness recognizing that in fact no one can be sure of what will happen in the future; and in light of his view that the Ad actually "advocates violence," he would have to recommend now allowing it. The MTA's refusal to be governed by hypothetical prescience rather than existing potential is not an indication of bad faith. A review of the remainder of the director of security's testimony leads us to conclude that his actual recommendation to reject the Ad was

12

based on a good faith, if erroneous, application of the MTA's advertising standards.[4]

Accordingly, we reject AFDI's invocation of the special facts exception.

In sum, we conclude that the district court did not abuse its discretion in finding

AFDI's claim moot and dissolving the preliminary injunction.  AFDI is, of course, free to

challenge the MTA's new advertising standards, but it must do so through an amended

complaint.[5]  *See Lamar*, 356 F.3d at 378.

## CONCLUSION

For the reasons stated herein, the judgment of the district court is **AFFIRMED**.

---

[4] AFDI also suggests that the MTA's decision to amend its advertising standards during the pendency of the district court's stay, rather than simply consider its options for appeal or for displaying the Ad, as the district court had initially suggested, demonstrates that the MTA wrongfully took advantage of the district court's leniency and acted in bad faith.  Yet, the district court, as reflected in its decision to extend the length of the stay, saw no indication of bad faith in the MTA's course of conduct, *cf. AFDI II*, 109 F. Supp. 3d at 630-31 ("[T]his Court [does not] question[] the MTA's good faith in attempting to find the line between enforcing its regulations and respecting  the plaintiffs' free speech rights."), and neither do we.

[5] We express no view on the constitutionality of the MTA's new standards in general or as applied to the Ad.