21-64-cv
*Weisshaus v. Hochul*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 29th day of November, two thousand twenty-two.

PRESENT:
> DENNY CHIN,
> SUSAN L. CARNEY,
> BETH ROBINSON,
>
> *Circuit Judges.*

_____

Yoel Weisshaus,

> *Plaintiff-Appellant,*

v.                                                                                  **21-64-cv**

Hon. Kathy Hochul, in her official capacity,
Hon. Andrew Cuomo, in his individual
capacity,

> *Defendants-Appellees.*

_____

| | |
|---|---|
| **FOR PLAINTIFF-APPELLANT:** | YOEL WEISSHAUS, pro se, Forty Fort, PA. |
| **FOR DEFENDANT-APPELLEE HOCHUL:** | DANIEL MAGY (Barbara D. Underwood, Solicitor General, Steven C. Wu, Deputy Solicitor General, Grace X. Zhou, Assistant Solicitor General, of Counsel, *on the brief*) *for* Letitia James, Attorney General, State of New York, New York, NY. |
| **FOR DEFENDANT-APPELLEE CUOMO:** | Rita Glavin, Glavin PLLC, New York, NY. |

Appeal from a judgment of the United States District Court for the Eastern District of New York (Cogan, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the appeal is DISMISSED IN PART as moot, the judgment entered by the district court is VACATED, and the case is REMANDED with instructions to enter a judgment of dismissal without prejudice.

Appellant Yoel Weisshaus, proceeding pro se, appeals from the district court's denial of a preliminary injunction and entry of judgment dismissing his complaint. In 2020, Weisshaus sued then-Governor Cuomo in his official capacity,[1] alleging that an executive order mandating that certain travelers complete a health form for COVID-19

---

[1] Weisshaus also sued Cuomo in his individual capacity but abandoned these claims by failing to raise them in his appellate briefs. *See LoSacco v. City of Middletown*, 71 F.3d 88, 92–93 (2d Cir. 1995).

2

contact tracing violated the Supremacy Clause of the U.S. Constitution.   U.S. Const. art. VI, cl. 2.   In January 2021, the district court denied Weisshaus's motion for a preliminary injunction, and Weisshaus appealed the denial order.   In June 2021, the district court dismissed the complaint and entered judgment, concluding that Weisshaus failed to state a claim.   Weisshaus filed an "amended notice of appeal" citing the district court's June 2021 judgment.   Dist. Ct. Dkt. No. 33.   While this appeal was pending, the executive order was rescinded.   The Governor argues accordingly that the entire appeal is moot.   We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

An appeal becomes moot "when, by virtue of an intervening event, a court of appeals cannot grant any effectual relief whatever in favor of the appellant."   *Calderon v. Moore*, 518 U.S. 149, 150 (1996) (per curiam) (internal quotation marks omitted). Here, Weisshaus challenged the executive order requiring certain travelers to complete a health form for COVID-19 contact tracing, but the executive order is no longer in effect, and Weisshaus did not seek damages for past enforcement of the executive order.

However, when a challenged regulation expires or is rescinded during litigation, "that does not necessarily moot the case": if the plaintiff "remain[s] under a constant threat that government officials will use their power to reinstate the challenged restrictions," the plaintiff's claim may survive.   *Tandon v. Newsom*, 141 S. Ct. 1294, 1297 (2021) (per curiam) (internal quotation marks and citation omitted).   Further, "voluntary cessation of challenged conduct" does not render a case moot unless, among

3

other things, "there is no reasonable expectation that the alleged violation will recur." *Am. Freedom Def. Initiative v. Metro. Transp. Auth.*, 815 F.3d 105, 109 (2d Cir. 2016) (per curiam) (internal quotation marks and citations omitted).

Here, subsequent increases in COVID-19 cases have not prompted the Governor to adopt any similar regulations, and the Governor and her administration have also not adopted any travel advisories related to COVID-19. The record is devoid of support for the proposition that the Governor can reasonably be expected to reinstitute the traveler's health form or any similar regulation related to COVID-19. *See Tandon*, 141 S. Ct. at 1297; *see also, e.g.*, *Dark Storm Indus. LLC v. Hochul*, No. 20-2725, 2021 WL 4538640, at *1 (2d Cir. Oct. 5, 2021) (Summary Or.). Thus, the possibility of a reinstated mandate requiring the use of the traveler health form or any similar travel regulation is merely "speculative," *see Lillbask ex rel. Mauclaire v. State of Conn. Dep't of Educ.*, 397 F.3d 77, 87 (2d Cir. 2005), and the Governor has met her burden of showing that the appeal is moot with respect to the district court's denial of the preliminary injunction and Weisshaus's request to enjoin the use of the health form.[2]

Weisshaus, however, also sought an injunction preventing the State from using the information it had already collected from him. This aspect of his claim is not moot. The rescission of the executive order had no effect on the information the State had

---

2 Weisshaus's appeal of the district court's denial of the preliminary injunction is also moot for the independent reason that the district court has dismissed Weisshaus's complaint on the merits. *See Ruby v. Pan Am. World Airways, Inc.*, 360 F.2d 691, 691–92 (2d Cir. 1966) (per curiam); *Capriole v. Uber Techs., Inc.*, 991 F.3d 339, 343 (1st Cir. 2021).

previously collected.   As to this request for relief, the Governor, citing *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 411–12 (2013), argues that Weisshaus failed to plead a sufficient likelihood of imminent injury because Weisshaus was exempt from complying with New York's travel advisory, and, therefore, his information was not entered into the Department of Health's system for purposes of contact tracing and cannot be used consistent with State policy.   *See* Appellee's Br. 22–24.   The Governor essentially asserts, without identifying the argument as such, that Weisshaus lacked standing to raise this claim.

"The plaintiff bears the burden of alleging facts that affirmatively and plausibly suggest that [he] has standing to sue."   *Cortlandt St. Recovery Corp. v. Hellas Telecomms., S.à.r.l*, 790 F.3d 411, 417 (2d Cir. 2015).   The plaintiff must plausibly allege standing "for each claim and form of relief sought."   *Cacchillo v. Insmed, Inc.*, 638 F.3d 401, 404 (2d Cir. 2011) (citation omitted).   To establish standing to pursue injunctive relief, Weisshaus was required to allege plausibly "a real or immediate threat of injury." *Nicosia v. Amazon.com, Inc.*, 834 F.3d 220, 239 (2d Cir. 2016) (internal quotation marks and citations omitted).   While a past injury may suffice for standing to seek damages for that injury, it is insufficient to demonstrate standing to pursue injunctive relief "unless the plaintiff can demonstrate that []he is likely to be harmed again in the future in a similar way."   *Id.*   "Allegations of possible future injury do not satisfy the requirements of Article III."   *Liberian Cmty. Ass'n of Conn. v. Lamont*, 970 F.3d 174, 184 (2d Cir. 2020) (citation and alteration omitted).

Weisshaus has failed to plead a sufficient likelihood that he will be harmed in the future. Weisshaus's general assertions that the Governor could possibly use or disclose his information are purely speculative, and speculation about future injury is insufficient to confer Article III standing. *See Clapper*, 568 U.S. at 413–14; *Liberian Cmty. Ass'n*, 970 F.3d at 185.[3]

Because a portion of Weisshaus's appeal became moot while this appeal was pending, we vacate that portion of the judgment "and remand with a direction to dismiss." *Hassoun v. Searls*, 976 F.3d 121, 125 (2d Cir. 2020) (citation omitted). We vacate the remainder of the judgment because Weisshaus lacks standing to bring the non-moot portion of his claim. Although the district court dismissed the complaint for failure to state a claim—not for failure to allege standing—we may affirm on any grounds with support in the record, "including grounds upon which the district court did not rely." *Leon v. Murphy*, 988 F.2d 303, 308 (2d Cir. 1993). However, a judgment dismissing a complaint for lack of subject matter jurisdiction should be without prejudice. *See Carter v. HealthPort Techs., LLC*, 822 F.3d 47, 54 (2d Cir. 2016). Because mootness and lack of standing defeat subject matter jurisdiction, *see id.*; *Doyle v. Midland Credit Mgmt., Inc.*, 722 F.3d 78, 80 (2d Cir. 2013), Weisshaus's complaint should be dismissed without prejudice.

---

[3] Weisshaus sought an injunction preventing the State from *using* the information it had collected; he did not seek an injunction requiring the State to dispossess itself of the information.

Accordingly, we **DISMISS** the appeal in part as moot, **VACATE** the judgment entered by the district court, and **REMAND** the case with instructions to enter a judgment of dismissal without prejudice.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court