21-2514-cv
Geller v. Hochul

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 18th day of January, two thousand twenty-three.

PRESENT: ROSEMARY S. POOLER,
RAYMOND J. LOHIER, JR.,
BETH ROBINSON,
*Circuit Judges*.

------------------------------------------------------------------

PAMELA GELLER,

*Plaintiff-Appellant*,

v.                                                             No. 21-2514-cv

KATHLEEN COURTNEY HOCHUL, in her official capacity as Governor of the State of New York, MAYOR ERIC ADAMS, individually and in his official capacity as Mayor of the City of New York, and COMMISSIONER KEECHANT L. SEWELL, individually and in her official capacity as Police Commissioner of the City of New York,

*Defendants-Appellees.**

------------------------------------------------------------------

| FOR PLAINTIFF-APPELLANT: | DAVID YERUSHALMI (Robert J. Muise, *on the brief*), American Freedom Law Center, Washington, D.C. |
|---|---|
| FOR DEFENDANT-APPELLEE HOCHUL: | SARAH L. ROSENBLUTH, Assistant Solicitor General (Barbara D. Underwood, Solicitor General, Andrea Oser, Deputy Solicitor General, *on the brief*), *for* Letitia James, Attorney General of the State of New York, Albany, NY |
| FOR DEFENDANTS-APPELLEES ADAMS & SEWELL: | INGRID R. GUSTAFSON, Assistant Corporation Counsel (Richard P. Dearing, Zachary S. Shapiro, Assistant Corporation Counsel, *on the brief*), *for* Sylvia O. Hinds-Radix, Corporation Counsel of the City of New York, New York, NY |

---

\* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Mayor Eric Adams is automatically substituted for former Mayor Bill de Blasio as Defendant-Appellee and Commissioner Keechant L. Sewell is automatically substituted for former Commissioner Dermot Shea as Defendant-Appellee.

Appeal from a judgment entered in the United States District Court for the Southern District of New York (Edgardo Ramos, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court is AFFIRMED in part and the appeal is DISMISSED in part.

Pamela Geller appeals from a judgment entered on September 27, 2021 in the United States District Court for the Southern District of New York (Ramos, J.), granting motions to dismiss her facial and as-applied First Amendment and Fourteenth Amendment claims challenging COVID-19-related New York State and New York City executive orders restricting public gatherings. We assume the parties' familiarity with the underlying facts and the record of prior proceedings, to which we refer only as necessary to explain our decision to affirm in part and dismiss the appeal in part.

**I.     Geller's Claims Against the Governor**

We begin with Geller's appeal of the District Court's dismissal of her claims against New York State Governor Hochul, which we dismiss as moot. "A case is moot when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome." Tann v. Bennett, 807 F.3d 51, 52 (2d

Cir. 2015) (quotation marks omitted).  When a case is moot, it "must be dismissed, even if the case was live at the outset but later events rendered it moot on appeal."  Id. (quotation marks omitted).

In June 2021 the Governor rescinded New York State's executive orders restricting public gatherings because of COVID-19.  See 9 N.Y.C.R.R. § 8.210.  As this Court has previously recognized:

> courts will find a case moot after a defendant voluntarily discontinues challenged conduct only if (1) it can be said with assurance that there is no reasonable expectation that the alleged violation will recur, and (2) interim . . . events have completely and irrevocably eradicated the effects of the alleged violation.

Am. Freedom Def. Initiative v. Metro. Transp. Auth., 815 F.3d 105, 109 (2d Cir. 2016) (quotation marks omitted).  Because the New York State legislature also rescinded the Governor's authority to issue new COVID-19-related executive orders in the future, see 2021 N.Y. Sess. Laws ch. 71 § 4, and Geller's complaint as to the Governor sought only declaratory and prospective relief, we conclude that the Governor has "carried [her] heavy burden of persuasion with respect to the . . . voluntary cessation doctrine," see Am. Freedom Def. Initiative, 815 F.3d at 110 (quotation marks omitted), and we dismiss as moot Geller's appeal of the District Court's dismissal of her claims against the Governor.

4

**II.    Geller's Claims Against the Mayor and Police Commissioner**

We next turn to Geller's appeal of the District Court's dismissal of her claims against New York City's Mayor and Police Commissioner.

a.  Facial First Amendment Challenge

We conclude that the District Court's order in Geller v. de Blasio, No. 20-3566, 2020 WL 2520711 (S.D.N.Y. May 18, 2020) ("Geller I") collaterally estopped Geller from pursuing a facial challenge to the City's executive orders in this case. Collateral estoppel applies where:

> (1) the identical issue was raised in a previous proceeding; (2) the issue was actually litigated and decided in the previous proceeding; (3) the part[ies] had a full and fair opportunity to litigate the issue; and (4) the resolution of the issue was necessary to support a valid and final judgment on the merits.

Wyly v. Weiss, 697 F.3d 131, 141 (2d Cir. 2012) (quotation marks omitted).

On appeal, Geller contests only the first requirement, arguing that Geller I did not raise an identical issue.  We disagree.  The central questions raised in Geller I are the same as those raised in this case: what is the appropriate standard of review for assessing First Amendment challenges to the City's public-gathering restrictions and how do those restrictions fare under that standard?  As the district court recognized in denying Geller's motion for a temporary restraining order ("TRO") in Geller I, "'[c]onsideration of the merits is virtually

5

indispensable in the First Amendment context, where the likelihood of success on the merits is the dominant, if not the dispositive, factor.'" Geller I, 2020 WL 2520711, at *3 (quoting N.Y. Progress & Prot. PAC v. Walsh, 733 F.3d 483, 488 (2d Cir. 2013)). In response, Geller argues that the essential facts "changed dramatically" after Geller I with the advent of the Black Lives Matter protests, and that the issues in Geller I and this case are not identical for that reason. Appellant's Br. 34–36. But a facial challenge "considers only the text of the [law] itself, not its application to the particular circumstances of an individual." Field Day, LLC v. Cnty. of Suffolk, 463 F.3d 167, 174 (2d Cir. 2006). Geller does not argue that the text of the executive orders challenged here is different from the text of the executive order at issue in Geller I such that collateral estoppel should not apply. And although the circumstances surrounding the Black Lives Matter protests may be relevant to Geller's as-applied challenge, they are not relevant to the question of whether collateral estoppel precludes her facial challenge. For these reasons, we conclude that this case raises the same issues as Geller I.

We also conclude that the remaining three requirements for collateral estoppel are satisfied. First, the constitutionality of the City's public-gathering restrictions under the First Amendment was actually litigated and decided in

6

Geller I. See Geller I, 2020 WL 2520711, at *3–5. Second, the parties do not dispute on appeal that they had a full and fair opportunity to litigate the constitutionality of the City's public-gathering restrictions under the First Amendment during the TRO hearing. And third, the parties do not dispute that the resolution of questions concerning the constitutionality of the City's public-gathering restrictions under the First Amendment was necessary to support a valid and final judgment on the merits in the TRO hearing. At the request of the parties, the district court entered final judgment for the Mayor and Police Commissioner on all of Geller's claims. Id. at *5.

We therefore affirm the District Court's judgment with respect to Geller's facial challenge.

b. As-Applied First Amendment Challenge

Next, we conclude that Geller lacks standing to bring her as-applied First Amendment challenge. "To establish Article III standing, a plaintiff must have . . . suffered an injury in fact.'" Silva v. Farrish, 47 F.4th 78, 86 (2d Cir. 2022) (quoting Spokeo, Inc. v. Robins, 578 U.S. 330, 338 (2016)). "Those claiming a 'risk of future harm' may seek 'forward-looking, injunctive relief to prevent the harm from occurring' but only if 'the risk of harm is sufficiently imminent and

7

substantial.'" Id. (quoting TransUnion LLC v. Ramirez, 141 S. Ct. 2190, 2210 (2021)). In the First Amendment context, "[s]elf-censorship is immune to an 'as applied' challenge, for it derives from the individual's own actions, not an abuse of government power." City of Lakewood v. Plain Dealer Pub. Co., 486 U.S. 750, 757 (1988).

At best, Geller has alleged only that she engaged in self-censorship. She did not allege that she filed a permit to protest, that she actually protested, or that she was ever prosecuted or threatened with prosecution for protesting. And the City has formally represented before this Court that Geller will not be prosecuted or threatened with prosecution under the City's public-gathering restrictions in the future. Because Geller has not demonstrated that she suffers a risk of harm that is "sufficiently imminent and substantial," Silva, 47 F.4th at 86 (quotation marks omitted), we dismiss for lack of standing her appeal of the District Court's dismissal of her as-applied challenge.

c. Fourteenth Amendment Challenge

Finally, we conclude that Geller failed to state a claim of selective enforcement under the Fourteenth Amendment's Equal Protection Clause. To prevail on her claim, Geller must allege (1) that she was "treated differently"

than the Black Lives Matter protesters, (2) that she was "similarly situated" to them, and (3) that the "differential treatment was based on impermissible considerations." See Cine SK8, Inc. v. Town of Henrietta, 507 F.3d 778, 790 (2d Cir. 2007) (quotation marks omitted). Geller has not even alleged that the City has enforced its public-gathering restrictions against any protesters, including Geller and the Black Lives Matter protesters, since the Black Lives Matter protests began. We therefore agree with the District Court that Geller failed to state a claim of selective enforcement, and we affirm its dismissal of that claim.

We have considered the remainder of Geller's arguments and conclude that they are without merit. For the foregoing reasons, we DISMISS Geller's appeal with respect to her claims against the Governor and her as-applied First Amendment claims against the Mayor and Police Commissioner, and we otherwise AFFIRM the judgment of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

9