*Does v. Hochul*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 20th day of December, two thousand twenty-four.

PRESENT:
>       JOSÉ A. CABRANES,
>       RICHARD J. SULLIVAN,
>       MYRNA PÉREZ,
>               *Circuit Judges*.

_____

JOHN DOES 1–2, JANE DOES 1–3, JACK DOES 1–750, JOAN DOES 1–750,

>               *Plaintiffs-Appellants*,

>       v.                                                  No. 22-2858

KATHY HOCHUL, Governor of the State of New York, JAMES V. MCDONALD, Commissioner, New York State Department of Health, TRINITY HEALTH,

INC., NEW YORK-PRESBYTERIAN
HEALTHCARE SYSTEM, INC., WESTCHESTER
MEDICAL CENTER ADVANCED PHYSICIAN
SERVICES, P.C., as assignee of WMC
Health,

*Defendants-Appellees.*[*]

_____

| | |
|---|---|
| **For Plaintiffs-Appellants:** | DANIEL J. SCHMID (Mathew D. Staver, Horatio G. Mihet, Roger K. Gannam, *on the brief*), Liberty Counsel, Orlando, FL. |
| **For Defendants-Appellees Kathy Hochul and James V. McDonald:** | MARK S. GRUBE, Assistant Solicitor General (Barbara D. Underwood, Solicitor General, Judith N. Vale, Deputy Solicitor General, *on the brief*), *for* Letitia James, Attorney General for the State of New York, New York, NY. |
| **For Defendant-Appellee Trinity Health, Inc.:** | ERIN TRAIN (Jacqueline Phipps Polito, *on the brief*), Littler Mendelson P.C., Fairport, NY. |
| **For Defendant-Appellee New-York Presbyterian Healthcare System, Inc.:** | EMILY A. VANCE (Bruce Birenboim, Michael E. Gertzman, Liza M. Velazquez, Gregory F. Laufer, Jonathan H. Hurwitz, *on the brief*), Paul, Weiss, Rifkind, Wharton & Garrison LLP, New York, NY. |

---

[*] The Clerk of Court is respectfully directed to amend the official case caption as set forth above.

**For Defendant-Appellee Westchester Medical Center Advanced Physician Services, P.C.:**

MARC A. SITTENREICH (Michael J. Keane, Anthony Prinzivalli, *on the brief*), Garfunkel Wild, P.C., Great Neck, NY.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Ann M. Donnelly, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the appeal is **DISMISSED** in part as moot, that the September 30, 2022 judgment of the district court is **VACATED** in part and **AFFIRMED** in part, and that the case is **REMANDED** to the district court with instructions to dismiss Plaintiffs' claims against Governor Kathy Hochul and Commissioner James V. McDonald without prejudice.

Plaintiffs, a group of healthcare workers, appeal from the district court's judgment dismissing their claims against the Governor of New York and the Commissioner of New York State's Department of Health (the "State Defendants"), in their official capacities, for violations of the Free Exercise and Equal Protection Clauses of the United States Constitution, and against three nonprofit corporations that operate healthcare facilities in New York (the "Private Defendants") for discrimination under Title VII of the Civil Rights Act of 1964 ("Title VII"). Plaintiffs' claims all stem from a New York State regulation ("Section

2.61") enacted during the COVID-19 pandemic that directed covered healthcare facilities to "continuously require personnel to be fully vaccinated against COVID-19." N.Y. Comp. Codes R. & Regs. tit. 10, § 2.61(c) (2021). While this regulation contained an exemption for medical reasons, it did not include any religious exemptions. *See id.* § 2.61(d). Each of the Plaintiffs allege that they "have sincerely held religious beliefs that preclude them from accepting or receiving any of the three available COVID-19 vaccines." J. App'x at 34. When Plaintiffs refused to comply with the vaccination requirements, they were terminated from their employment by the Private Defendants. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

We review *de novo* a district court's dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *See ECA & Loc. 134 IBEW Joint Pension Tr. of Chi. v. JP Morgan Chase Co.*, 553 F.3d 187, 196 (2d Cir. 2009). Generally, to survive a motion to dismiss, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In reviewing a motion to dismiss, "we accept as true all factual statements alleged in the complaint and draw all reasonable inferences in favor of the non-moving party." *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 191 (2d

Cir. 2007). When reviewing the district court's decision, we are permitted to consider "documents attached to the complaint as an exhibit or incorporated in it by reference, [or] matters of which judicial notice may be taken." *Roth v. CitiMortgage Inc.*, 756 F.3d 178, 180 (2d Cir. 2014) (internal quotation marks omitted).

## I. Plaintiffs' Claims Against the State Defendants Are Moot

Under the mootness doctrine, a court's "subject matter jurisdiction ceases when an event occurs during the course of the proceedings or on appeal that makes it impossible for the court to grant any effectual relief whatever to a prevailing party." *County of Suffolk v. Sebelius*, 605 F.3d 135, 140 (2d Cir. 2010) (internal quotation marks omitted). In other words, a "plaintiff's personal stake in the outcome of the litigation must be extant at all stages of review, not merely at the time the complaint is filed." *Stagg, P.C. v. U.S. Dep't of State*, 983 F.3d 589, 601 (2d Cir. 2020) (internal quotation marks omitted). "Typically, no live controversy remains where a party has obtained all the relief she could receive on the claim through further litigation." *Ruesch v. Comm'r*, 25 F.4th 67, 70 (2d Cir. 2022) (internal quotation marks omitted). Therefore, "[e]ven if a case were live at the outset, events occurring during the pendency of the appeal may render the case moot on

appeal," making us "duty bound to dismiss the appeal." *Arthur v. Manch*, 12 F.3d

377, 380 (2d Cir. 1993).

We have explained that the mootness "inquiry is more complicated in cases

involving states or state agents as defendants – like this one – since the Eleventh

Amendment bars the award of money damages against state officials in their

official capacities." *Exxon Mobil Corp. v. Healey*, 28 F.4th 383, 392 (2d Cir. 2022).[2]

As a result, "for this case to remain live, there must be a possible effectual remedy

for the violations it alleges, and the remedy must be prospective relief that would

address an ongoing violation of federal law." *Id.*

With respect to their claims against the State Defendants, Plaintiffs seek a

permanent injunction barring enforcement of Section 2.61.  However, the State has

already repealed Section 2.61 as of October 4, 2023.  *See* 45 N.Y. Reg. 22 (Oct. 4,

2023).  We "cannot enjoin what no longer exists," so Plaintiffs' claim for a

permanent injunction is now moot. *Exxon Mobil Corp.*, 28 F.4th at 393.  Nor do the

other forms of relief sought by Plaintiffs save their claims against the State

---

[2] In their complaint, Plaintiffs seek an "award [of] damages," but do not specify whether they seek these damages from the State Defendants, Private Defendants, or both.  J. App'x at 66.  In their briefing, the State Defendants contend that an award of monetary damages against them would be barred by Eleventh Amendment sovereign immunity, and Plaintiffs do not challenge this assertion.

Defendants. The Supreme Court has held that "a request for a declaratory judgment as to a past violation cannot itself establish a case or controversy to avoid mootness." *Id.* at 394–95 (citing *Green v. Mansour*, 474 U.S. 64, 73–74 (1985)). The Eleventh Amendment also generally bars any claims for damages in a suit against state officials in their official capacities. *See Fulton v. Goord*, 591 F.3d 37, 45 (2d Cir. 2009). And a claim for attorneys' fees cannot create a case or controversy either. *See Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 480 (1990). As a result, there is no potential prospective relief that we could grant on Plaintiffs' claims against the State Defendants.

Plaintiffs also fail to establish that any exception to the mootness doctrine applies here. First, a defendant's voluntary cessation of the challenged conduct will not render a case moot unless, among other considerations, "there is no reasonable expectation that the alleged violation will recur." *See Am. Freedom Def. Initiative v. Metro. Transp. Auth.*, 815 F.3d 105, 109 (2d Cir. 2016) (internal quotation marks omitted). While the State's repeal of the vaccination mandate certainly constitutes a voluntary cessation, this decision corresponded with the changed conditions surrounding the COVID-19 pandemic, such as the termination of the national state of emergency, changing federal vaccination recommendations, and

7

the federal government's repeal of its own vaccination requirements. *See* State

Defendants Br. at 32; *see also Fed. Bureau of Investigation v. Fikre*, 601 U.S. 234, 240

(2024) ("Sometimes, events in the world overtake those in the courtroom, and a

complaining party manages to secure outside of litigation all the relief he might

have won in it."). Despite the continued rise and fall of COVID-19 cases since the

repeal of Section 2.61 in October 2023, the State has not attempted to reinstate the

vaccination mandate. *See Positive Tests over Time, by Region and County*, N.Y. State

Dep't of Health (Sept. 5, 2024), https://perma.cc/9PUD-EAJP; *Daily Hospitalization*

*Summary*, N.Y. State Dep't of Health (Sept. 5, 2024), https://perma.cc/VL7S-VD8T;

*Fatalities*, N.Y. State Dep't of Health (Aug. 29, 2024), https://perma.cc/QV78-H9V3.

As a result, Plaintiffs do not "remain under a constant threat" that the State will

reimpose the vaccination requirements. *Roman Cath. Diocese of Brooklyn v. Cuomo*,

592 U.S. 14, 20 (2020). Rather, the possibility of reinstatement is, "at best, only a

theoretical and speculative possibility." *Lillbask ex rel. Mauclaire v. State of Conn.*

*Dep't of Educ.*, 397 F.3d 77, 86–87 (2d Cir. 2005). Indeed, we recently held that the

repeal of a similar COVID-19 vaccination mandate for certain New York City

government employees and contractors rendered moot an appeal seeking the

8

recission of that mandate.  *See New Yorkers for Religious Liberty, Inc. v. City of New York*, 121 F.4th 448, 456–57 (2d Cir. 2024).

Plaintiffs make much of the fact that the State has continued to defend the vaccination mandate.  "But often a case will become moot even when a defendant vehemently insists on the propriety of the conduct that precipitated the lawsuit." *Fikre*, 601 U.S. at 244 (internal quotation marks omitted).  Plaintiffs also assert that the State's repeal of the vaccination mandate was a mere litigation tactic, but they offer no support for this claim.  Instead, the State explained throughout the regulatory process that repeal of the mandate was based on changed COVID conditions – not litigation concerns.  *See* 45 N.Y. Reg. 28, 28–29 (June 28, 2023). With nothing to suggest otherwise, we cannot conclude there is a reasonable expectation that the alleged violation will recur.

Plaintiffs' attempt to rely on the mootness exception for "disputes capable of repetition, yet evading review" fares no better.  *Fed. Election Comm'n v. Wis. Right to Life, Inc.*, 551 U.S. 449, 462 (2007).  This exception applies when "(1) the challenged action is in its duration too short to be fully litigated prior to cessation or expiration, and (2) there is a reasonable expectation that the same complaining party will be subject to the same action again."  *Id.* (internal quotation marks

9

omitted).  Even if we accept Plaintiffs' argument that the vaccination mandate was too short to be fully litigated, there is nothing in the record to suggest that this issue is likely to recur between the parties here.  *See Dennin v. Conn. Interscholastic Athletic Conf., Inc.*, 94 F.3d 96, 101 (2d Cir. 1996).  The mandate was enacted in response to an unprecedented global health crisis.  Section 2.61 was repealed more than a year ago and has not been reimposed.  And the State has expressed no intention to renew the vaccination requirement; to the contrary, it has expressly disclaimed such an intention, which has been corroborated by its subsequent action.

For all these reasons, Plaintiffs have simply failed to show that a live case or controversy still exists as to the State Defendants.  When a case becomes moot on appeal, our general practice is "to vacate the unreviewed judgment granted in the court below and remand the case to that court with directions to dismiss it." *Bragger v. Trinity Cap. Enter. Corp.*, 30 F.3d 14, 17 (2d Cir. 1994).  The district court should then dismiss the relevant portions of the complaint without prejudice.  *See Carter v. HealthPort Techs., LLC*, 822 F.3d 47, 54–55 (2d Cir. 2016).

## II. Plaintiffs Failed to State a Claim Against the Private Defendants for Title VII Religious Discrimination

We next turn to whether the district court properly dismissed Plaintiffs' claims against the Private Defendants for religious discrimination in violation of Title VII. To survive a motion to dismiss, a plaintiff asserting a claim of religious discrimination under Title VII must plausibly allege that "(1) [he or she] held a *bona fide* religious belief conflicting with an employment requirement; (2) [he or she] informed [his or her] employer[] of this belief; and (3) [he or she was] disciplined for failure to comply with the conflicting employment requirement." *Knight v. Conn. Dep't of Pub. Health*, 275 F.3d 156, 167 (2d Cir. 2001). Nonetheless, an employer does not violate Title VII if offering a reasonable accommodation "would cause the employer to suffer an undue hardship." *Cosme v. Henderson*, 287 F.3d 152, 158 (2d Cir. 2002). The Supreme Court has recently clarified that the undue hardship must be more than *de minimis* – it must be "substantial in the overall context of an employer's business." *Groff v. DeJoy*, 600 U.S. 447, 468 (2023). An employer may raise a defense of undue hardship at the motion-to-dismiss stage "if the defense appears on the face of the complaint." *Iowa Pub. Emps.' Ret. Sys. v. MF Glob., Ltd.*, 620 F.3d 137, 145 (2d Cir. 2010) (internal quotation marks omitted).

Even if Plaintiffs plausibly alleged a *prima facie* case of Title VII religious discrimination, the Private Defendants also raised a defense of undue hardship, which the district court properly considered in dismissing Plaintiffs' Title VII claims because this defense appears on the face of Plaintiffs' complaint. *See* J. App'x at 34, 44–46, 54 (alleging that the Private Defendants refused to offer a religious exemption to the vaccination mandate because such an exemption was prohibited by Section 2.61); *id.* at 84–87 (attaching a copy of Section 2.61 as an exhibit to Plaintiffs' complaint). Plaintiffs were all covered personnel under Section 2.61, which meant that granting their sole request for a religious exemption would have required the Private Defendants to violate the state regulation. This, in turn, would have subjected the Private Defendants to financial penalties or a suspension or revocation of their operating licenses. *See* N.Y. Pub. Health Law § 12 (2008); *id.* § 2806(1)(a) (2010). Even under the heightened standard for undue hardship recently set forth in *Groff*, the risk of these potential penalties more than suffices to demonstrate that the Private Defendants were subject to such hardships here. *See, e.g.*, *D'Cunha v. Northwell Health Sys.*, No. 23-476, 2023 WL 7986441, at *3 (2d Cir. Nov. 17, 2023) (affirming dismissal of a Title VII claim against a healthcare provider that refused to provide a religious vaccination exemption because such

12

an exemption would have violated Section 2.61 and thus constituted an undue burden); *see also Cassano v. Carb*, 436 F.3d 74, 75 (2d Cir. 2006) (adopting the reasoning of the Eighth and Ninth Circuits that a religious accommodation that would violate an employer's legal obligations constitutes an undue burden under Title VII); *cf. Bey v. City of New York*, 999 F.3d 157, 170 (2d Cir. 2021) ("Title VII cannot be used to require employers to depart from binding federal regulations."). We therefore conclude that the district court properly dismissed Plaintiffs' Title VII claims.

\* \* \*

We have considered Plaintiffs' remaining arguments and found them to be without merit. Accordingly, the appeal is **DISMISSED** in part as moot, the judgment entered by the district court is **VACATED** in part and **AFFIRMED** in part, and the case is **REMANDED** to the district court with instructions to dismiss Plaintiffs' claims against the State Defendants without prejudice.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

13