**UNITED STATES of America**

v.

**IONIA MANAGEMENT, S.A.**

**Criminal No. 3:07cr134 (JBA).**

United States District Court, D. Connecticut.

March 3, 2008.

Order Clarifying Decision March 7, 2008.

See also 526 F.Supp.2d 319

George M. Chalos, Chalos, O'Connor & Duffy, LLP, Port Washington, NY, Patrick F. Lennon, Lennon Murphy & Lennon, Tide Mill Landing, Southport, CT, for Ionia Management, S.A.

Anthony E. Kaplan, John H. Durham, William M. Brown, Jr., U.S. Attorney's Office, New Haven, CT, for United States of America.

## RULING AND ORDER ON DEFENDANT'S MOTION TO MODIFY FINE AND STAY PAYMENT AND/OR BOND [DOC. # 236]

JANET BOND ARTERTON, District Judge.

 Defendant Ionia Management, S.A. ("Ionia") continues to assert that "the Court is aware [that it] is unable to pay" the $4,900,000 fine imposed at sentencing (Def.'s Jan. 28, 2008 Mem. at 1), somehow overlooking the fact that the Court has repeatedly cited the deficiencies in Ionia's evidence of its claimed financial inability to pay, both at sentencing and in regard to Ionia's purported rectification of the insufficiency of this showing.[1] Ionia is an ongoing shipping operation, and it carries the burden of proving that it is unable to pay the fine imposed. Given Defendant's unconvincing financial records submission, circular reasoning, and conclusory assertions, this burden has not been met. Ionia argues that "[e]ven a cursory reading of [its] audited Financial Statements reveals that it does not have the [ability] to pay the $4,900,000.00 fine." (*Id.* at 4.) Indeed, a "cursory reading" is all that is possible from the records Ionia has furnished, for the brief report provides such paltry detail that it is impossible to determine on what independent basis the auditor reaches his conclusions and what Defendant's assets are.

 But even if there were some colorable showing of a destitute condition, Ionia has also failed to provide any authority supporting its claim that the Court has authority to modify a sentence after it is imposed. In response to the Court's request for such authority, Ionia cited to an unpublished opinion from the Sixth Circuit, *United States v. Greenberg*, No. 96–3800, 1997 WL 570350 (6th Cir. Sept. 11, 1997), for the proposition that "[t]he Court has jurisdiction to reduce a fine after a judgment has been entered as the Court may modify any condition of probation during the entire period of probation." (Def.'s Jan. 28, 2008 Mem. at 2.) Ionia invokes 18 U.S.C. § 3563(c), under which the sentencing court "may modify, reduce, or enlarge the conditions of a sentence of probation at any time prior to the expiration or termination of the term of probation, pursuant to the [relevant] provisions of the Federal Rules of Criminal Procedure." This strained argument conflicts with both the nature of a criminal fine and the specific sentencing disposition of this prosecution. Special assessments, fines, and restitution orders imposed at sentencing, though referenced among the many conditions of probation, are nevertheless fully independent criminal penalties. *Cf., e.g., United States v. Hamburger*, 414 F.Supp.2d 219, 225 (E.D.N.Y.2006) (observing "that [defendant's] restitution order is not a condition of his probation, but an independent component of his criminal sentence," and denying his motion brought under 18 U.S.C. § 3563(c)). Moreover, the judgment entered in this case set out the nature of the fine ("$4,900,000.00 DUE IMMEDIATELY") under a separate section from the probation conditions, with the heading "Criminal Monetary Penalties."

During the sentencing hearing, after the Court imposed the $4.9 million fine, the following colloquy took place:

> [Defense counsel]: Your Honor, with respect to the fine, this company cannot afford to pay 4.9 million in one lump sum. I would ask the Court to permit the company to pay it over time, over

---

1. The Court presumes a familiarity with the several previous rulings it has issued in connection with this prosecution. *See United States v. Ionia Mgmt., S.A.*, 526 F.Supp.2d 319, 322 n. 1 (D.Conn.2007).

a period of time, maybe along the lines of the probation period in equal increments.

The Court: I think that you need to show me that they cannot pay that fine.

[Defense counsel]: Okay.

The Court: And upon a proper showing, the Court will consider a payment schedule, but I don't have that.

(Sent'g Hr'g Tr., 74:4–15.) Counsel for the Defendant now characterizes Ionia's financial condition as considerably more extreme, and argues in its most recent brief:

> Even a cursory review of Ionia's audited Financial Statements reveals that it does not have the "income, earning capacity and/or financial resources" to pay the $4,900,000.00 fine. Specifically, Ionia's independently-audited and verified financial statements reflect a net profit for 2006 of only $134,000.00. Assuming that Ionia's net profit would stay consistent at such level (which it has not and will not due to Ionia's loss of clients since the M/T KRITON detention at New Haven), *it would take over thirty-six (36) years for Ionia to earn sufficient profits in order to pay the fine assessed.* The imposition of such a fine would place an impermissibly profound burden on Ionia and[,] in practical terms, would simply serve to bankrupt Ionia and put the company out of business.

(Def.'s Jan. 28, 2008 Mem. at 4 (footnote omitted and emphasis added).) This contention is as astonishing as it is inconsistent with counsel's previous position as stated on the record at sentencing. Indeed, this dramatic claim of poverty merely raises additional questions. How can Ionia square its supposedly insubstantial yearly profit with the $500,000 bond posted to secure the release of the M/T Kriton? How can Ionia obtain loan financing given this profit margin and "that it is simply a ship management company that does not own any vessels or other tangible assets apart from office supplies and some well-worn furniture"? (*Id.* at 6.) What financial documents beyond those received by the Court has Ionia provided to its supposed lender EFG Eurobank in order to obtain this additional financing? How is the reduced $1 million fine for which Ionia argues any more appropriately tailored to its financial condition given that it would require the entirety of its profits for the seven-and-a-half years?

Ionia's obfuscating arguments and borderline misrepresentations—including what counsel represented at sentencing that Ionia was doing to prevent future APPS violations but later denied, characterizing its representation to the Court as a "senior moment"—continue to frustrate the Court's attempt to impose and enforce a lawful and fair sentence. Nevertheless, the Court orders that collection of the $4.9 million fine be adjusted and grants Ionia's motion [Doc. # 236] in part as follows: Ionia is ordered to make payment in four equal installments of $1.225 million each, the first of which is due immediately with accrued interest. The remaining payments are due, with interest, on the one-, two-, and three-year anniversaries of the date of sentencing. In all other respects, including its request to stay its bond obligations, Defendant's motion is denied. Ionia's appeal bond requirements will track the fine payment installment order, unless the initial installment has not been paid by March 10, 2008, in which case bond for the total amount of the fine will be required.

IT IS SO ORDERED.

### RULING AND ORDER ON DEFENDANT'S MOTION REQUESTING CLARIFICATION

■ On March 3, 2008, the Court issued a ruling and order adjusting Defendant

Ionia Management, S.A.'s ("Ionia") criminal fine obligations as follows:

> Ionia is ordered to make payment in four equal installments of $1.225 million each, the first of which is due immediately with accrued interest. The remaining payments are due, with interest, on the one-, two-, and three-year anniversaries of the date of sentencing. In all other respects, including its request to stay its bond obligations, Defendant's motion is denied. Ionia's appeal bond requirements will track the fine payment installment order, unless the initial installment has not been paid by March 10, 2008, in which case bond for the total amount of the fine will be required.

(Ruling & Order, Mar. 3, 2008 [Doc. # 265] at 4.)[1] Ionia seeks clarification [Doc. # 267] of this ruling concerning the relationship between its fine payment schedule and appeal bond obligations. In response [Doc. # 268], the Government points to 18 U.S.C. §§ 3572(h) and 3612(g), under which a fine payment is delinquent and subject to a 10% penalty if more than thirty days late. According to the Government, this statutory penalty should apply here given that Ionia's sentence was imposed on December 14, 2007.

The Court hereby grants Ionia's motion [Doc. # 267] and clarifies its March 3, 2008 ruling as follows:

1. In light of (a) the Government's previous representation that fine payments are refundable should Ionia prevail in its appeal and (b) the Court's determination that the fine will be due in installments, Ionia will not be permitted to post an appeal bond in lieu of fine payments.

2. Inasmuch as Ionia is more than thirty days late in fulfilling its fine payment obligations, Ionia shall pay the 10% penalty pursuant to 18 U.S.C. § 3612(g).

3. Ionia shall make the following fine payments on the following dates:

| Date | Amount Due |
| --- | --- |
| 03/10/2008 | $1,225,000 + accrued interest on $4,900,000 + $490,000 penalty |
| 12/14/2008 | $1,225,000 + accrued interest |
| 12/14/2009 | $1,225,000 + accrued interest |
| 12/14/1010 | $1,225,000 + accrued interest |

4. If Ionia is late in making any of these scheduled payments, the full balance of the outstanding fine plus interest (plus any statutory penalty) shall be due immediately.

5. No appeal bond is required to be posted.

IT IS SO ORDERED.

---

**1.** The Court once again presumes a familiarity with the several previous rulings it has issued in connection with this prosecution.

*See United States v. Ionia Mgmt., S.A.,* 526 F.Supp.2d 319, 322 n. 1 (D.Conn.2007).