09-2333-cr
USA v. Akinrosotu

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

August Term, 2010

(Argued: Thursday, February 17, 2011                          Decided: February 28, 2011)

Docket No. 09-2333-cr

UNITED STATES OF AMERICA,

*Appellee*,

v.

TOLULOPE AKINROSOTU,

*Defendant-Appellant.*

Before: CABRANES, CHIN, *Circuit Judges*, and CROTTY, *District Judge.*[*]

Appeal from a May 18, 2009 order of the United States District Court for the Eastern

District of New York (Joanna Seybert, *Judge*).  The question presented is the scope of the District

Court's authority, pursuant to 18 U.S.C. § 3583(e)(2), to modify defendant's $50,000 fine.  We hold,

assuming *arguendo* that the District Court has any authority at all to modify defendant's fine, that it

may modify only the amount that remains unpaid at the commencement of defendant's supervised

release.

Affirmed in part on other grounds insofar as defendant raises claims pursuant to § 3583(e)(2)

requesting modification of the portion of his fine that is payable prior to the commencement of his

---

[*]The Honorable Paul A. Crotty, of the United States District Court for the Southern District of New York,
sitting by designation.

1

supervised release; dismissed in part insofar as defendant raises claims pursuant to § 3583(e)(2) requesting modification to the portion of the fine payable as a condition of his supervised release.

EILEEN F. SHAPIRO, Brooklyn, NY, *for defendant-appellant*.

BONNI J. PERLIN, Assistant United States Attorney (Loretta E. Lynch, United States Attorney, *on the brief*; Beth P. Schwartz and Varuni Nelson, Assistant United States Attorneys, *of counsel*), United States Attorney's Office for the Eastern District of New York, Brooklyn, NY, *for appellee*.

PER CURIAM:

Defendant-appellant Tolulope Akinrosotu ("defendant") appeals from a May 18, 2009 order of the United States District Court for the Eastern District of New York. The question presented is the scope of the District Court's authority, pursuant to 18 U.S.C. § 3583(e)(2), to modify defendant's $50,000 fine. We hold, assuming *arguendo* that the District Court has any authority at all to modify the fine, that it may modify only the amount that remains unpaid at the commencement of defendant's supervised release.

## BACKGROUND

On June 23, 1994, following a trial by jury, defendant was convicted of the following crimes: (1) conspiracy to import heroin, in violation of 21 U.S.C. §§ 960(b)(1)(A), 963; (2) conspiracy to distribute heroin, in violation of 21 U.S.C. §§ 841(b)(1)(A), 846; and (3) importation of heroin into the United States, in violation of 21 U.S.C. § 952(a). On February 1, 1996, the District Court sentenced Akinrosotu principally to 365 months' imprisonment, followed by a five-year term of supervised release, and to a $50,000 fine. The $50,000 fine was due immediately upon sentencing,

pursuant to 18 U.S.C. § 3572(d)(1).[1]  The District Court further ordered, as a special condition of supervised release, that defendant "shall pay any fines that remain unpaid at the commencement of the term of supervised release."

On July 25, 1996, we affirmed the judgment of the District Court.  *See United States v. Akinrosotu*, No. 96-1097, 101 F.3d 1393, 1996 WL 414458 (2d Cir. July 25, 1996) (unpublished).  In that appeal, defendant did not raise any claims regarding the fine.

On May 3, 2006, appearing *pro se*, defendant filed a letter motion with the District Court entitled "Petition for Remission of Fine."  The primary relief sought was a reduction in the amount of income defendant was required to pay toward his fine each month under the terms of his contract with the Bureau of Prisons' Inmate Financial Responsibility Payment program.  By letter dated June 29, 2006, the United States opposed the motion.  On May 18, 2009, the District Court denied defendant's motion, holding that defendant did not qualify for relief under two statutory provisions not relevant to the instant appeal.  In so doing, the Court stated without explanation that it "[could not] consider other statutes for affording Defendant the relief he seeks."  This appeal, in which defendant is represented by counsel, followed.

**A.**

The sole issue defendant raises on appeal is whether the District Court has authority, pursuant to 18 U.S.C. § 3583(e)(2), to modify the $50,000 fine.  This is a question of first impression in our Circuit.  Section 3583(e)(2) provides, in relevant part:

---

[1] Section 3572(d)(1) provides, in relevant part:

> A person sentenced to pay a fine or other monetary penalty, including restitution, shall make such payment immediately, unless, in the interest of justice, the court provides for payment on a date certain or in installments.

18 U.S.C. § 3572(d)(1).

> [The District Court] may modify, reduce, or enlarge the conditions of supervised release, at any time prior to the expiration or termination of the term of supervised release . . . .

18 U.S.C. § 3583(e)(2). Although defendant did not cite this statute in his *pro se* letter brief, the government concedes that "*pro se* submissions must be construed liberally and interpreted to raise the strongest arguments that they suggest." *See, e.g.*, *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994). Accordingly, the District Court should have construed defendant's letter brief as raising a claim under § 3583(e)(2), and we may consider that claim now, on appeal.

## B.

As stated above, § 3583(e)(2) applies only to "conditions of supervised release," not to other portions of a defendant's sentence. 18 U.S.C. § 3583(e)(2). A fine is an independent part of a defendant's sentence, and the fine owed by the defendant while incarcerated may not be modified simply because the fine may later be implicated as a condition of supervised release. *See United States v. Ionia Mgmt., S.A.*, 537 F. Supp. 2d 321, 322 (D. Conn. 2008) ("Special assessments, fines, and restitution orders imposed at sentencing, though referenced among the many conditions of probation, are nevertheless fully independent criminal penalties."). Indeed, as Akinrosotu's counsel conceded at oral argument, by the time Akinrosotu made his request, the District Court lacked the authority to reduce the total amount of the fine. *See United States v. Spallone*, 399 F.3d 415, 421 (2d Cir. 2005) ("[A] court may not resentence a defendant unless expressly mandated by this court . . . or pursuant to the strict conditions established by Fed. R. Crim. P. 35 or 36.") (citing 28 U.S.C. § 2106).

At argument, defendant's counsel also claimed that if we were to remand, the District Court could decide to redistribute the fine so that defendant could resume repayment once his period of supervised release begins. But the District Court's authority to provide the relief sought here existed at sentencing, and then only if "in the interest of justice" it "provide[d] for payment on a date certain

4

or in installments." 18 U.S.C. § 3572(d)(1). The District Court declined to do so, and the time limitations of the Federal Rules of Criminal Procedure foreclose further amendment. *See* Fed. R. Crim. P. 35, 36.

Thus, assuming *arguendo* that the District Court has any authority at all to modify defendant's fine pursuant to § 3583(e)(2), the District Court can only modify the amount that remains unpaid at the commencement of defendant's supervised release. Indeed, by the explicit terms of the District Court's judgment, the amount that remains unpaid is the only portion of the fine that constitutes a condition of defendant's supervised release. *See United States v. Akinrosotu*, No. 93-511-cr (E.D.N.Y. Feb. 1, 1996) (judgment imposing sentence) ("Special conditions of supervised release: . . . The defendant shall pay any fines that remain unpaid at the commencement of the term of supervised release."). Accordingly, to the extent that defendant requests modification of the amount of the fine due <u>prior</u> to the commencement of supervised release, his claim must be denied.

## C.

We dismiss the remainder of defendant's appeal without prejudice until such time as it is ripe for our review. We have no occasion to decide whether the District Court enjoys the statutory authority to modify the portion of defendant's fine due at the commencement of his supervised release because it is unlikely that any amount of the fine will remain at that time. According to www.bop.gov, the official website for the Bureau of Prisons ("BOP"), of which we take judicial notice for the limited purpose of obtaining the BOP's projected date for the defendant's release from prison, *see* Fed. R. Evid. 201(b)(2), defendant's release is scheduled for November 2, 2019.[2] If

---

[2] The BOP's "projected release date" takes into account any credit for good behavior and for job performance accrued thus far, among other things. *See generally Waletzki v. Keohane*, 13 F.3d 1079, 1080-81 (7th Cir. 1994) (discussing these "good-time credits").

defendant serves the entire 365-month prison term to which he was sentenced, he will not be released until even later, in 2026. Pursuant to 18 U.S.C. § 3613(b)(1) (1994),[3] defendant's liability for the $50,000 fine expires on February 7, 2016, more than three years before defendant's projected release from prison and the projected commencement of his supervised release. *See* 18 U.S.C. § 3613(b)(1) (providing that liability to pay a fine to the United States expires "twenty years after the entry of the judgment"). Unless and until defendant is released—or, at the very least, projected to be released—prior to February 7, 2016, the existence of any fine eligible for modification under § 3583(e)(2) is purely hypothetical. Therefore, the doctrine of ripeness militates against considering defendant's claim at this time, as courts should "avoid becoming embroiled in adjudications that may later turn out to be unnecessary." *Simmonds v. INS*, 326 F.3d 351, 357 (2d Cir. 2003).

## CONCLUSION

For the reasons stated above, we **AFFIRM** the order of the District Court on other grounds insofar as defendant raises claims pursuant to § 3583(e)(2) requesting modification of the portion of his fine that is payable <u>prior</u> to the commencement of his supervised release. We **DISMISS** defendant's appeal without prejudice insofar as it raises claims pursuant to § 3583(e)(2) requesting modification to the portion of the fine payable <u>as a condition</u> of his supervised release.

---

[3] Defendant was sentenced prior to the enactment of the Mandatory Victims Restitution Act of 1996, which amended § 3613. *See* Pub. L. No. 104-132, § 207(c), 110 Stat. 1227, 1238. Under the version of § 3613 in effect at the time of defendant's sentencing, a lien arising from a final judgment "becomes unenforceable and liability to pay a fine expires – (1) twenty years after the entry of the judgment; or (2) upon the death of the individual fined." 18 U.S.C. § 3613(b)(1) (1994).