*United States v. Berry*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 1st day of March, two thousand twenty-three.

Present:
> DEBRA ANN LIVINGSTON,
> *Chief Judge*,
> SUSAN L. CARNEY,
> JOSEPH F. BIANCO,
> *Circuit Judges*.

---

UNITED STATES OF AMERICA,

> *Appellee*,

v.                                                                        21-3029

LAWRENCE C. BERRY,

> *Defendant-Appellant*.

---

| | |
|---|---|
| For Appellee: | PAUL D. SILVER (Michael D. Gadarian, Carina H. Schoenberger, *on the brief*), Assistant United States Attorneys *for* Carla B. Freedman, United States Attorney, Northern District of New York, Syracuse, NY. |
| For Defendant-Appellant: | SARAH KUNTSLER, Law Office of Sarah Kuntsler, Brooklyn, NY. |

Appeal from a judgment of the United States District Court for the Northern District of New York (Hurd, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant-Appellant Lawrence C. Berry ("Berry") appeals from the district court's December 12, 2021 judgment of conviction, entered following his guilty plea to five counts of sexual exploitation of a child and one count of conspiracy to sexually exploit a child, in violation of 18 U.S.C. § 2251(a), (e). The district court sentenced Berry to a term of 360 months' imprisonment, followed by a 25-year term of supervised release.

On appeal, Berry challenges the validity of his guilty plea and the reasonableness of his sentence. Berry argues that his guilty plea is invalid, and his conviction should thus be vacated, because the district court failed to ensure that he was fully apprised of the maximum punishment associated with the charges he faced. Berry further argues that the district court erroneously held his *pro se* statements against him at sentencing and inadequately explained the rationale behind the sentence ultimately imposed. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

## I.     Guilty Plea

A guilty plea operates as a waiver of constitutional rights and is therefore "valid only if done voluntarily, knowingly, and intelligently, with sufficient awareness of the relevant circumstances and likely consequences." *Bradshaw v. Stumpf*, 545 U.S. 175, 183 (2005) (internal quotation marks and citation omitted). Berry contends that his guilty plea is infirm because the district court did not ensure that he was fully apprised of the consequences of pleading guilty in violation of Rule 11 of the Federal Rules of Criminal Procedure. Berry asserts that while he was

2

informed that he faced "30 years per count," he was not told that these penalties could run consecutively and thus was unaware of the full extent of the potential punishment associated with his plea.   Appellant's Br. 21.

"Rule 11 sets forth certain requirements of the district court's plea allocution to assist the court with 'making the constitutionally required determination that a defendant's guilty plea is truly voluntary.'"   *United States v. Youngs*, 687 F.3d 56, 59 (2d Cir. 2012) (quoting *McCarthy v. United States*, 394 U.S. 459, 465 (1969)).   In the course of accepting a defendant's guilty plea, the district court must, pursuant to Rule 11, "inform the defendant of, and determine that the defendant understands," among other factors, "any maximum possible penalty, including imprisonment, fine, and term of supervised release."   Fed. R. Crim. P. 11(b)(1)(H).

We review the district court's acceptance of a guilty plea for plain error where, as here, Berry did not raise any Rule 11 objections before the district court.   *See United States v. Balde*, 943 F.3d 73, 95 (2d Cir. 2019).   To establish plain error, Berry must demonstrate that "(1) there is an error; (2) the error is clear or obvious, rather than subject to reasonable dispute; (3) the error affected the appellant's substantial rights; and (4) the error seriously affects the fairness, integrity or public reputation of judicial proceedings."   *Id.* at 96 (internal quotation marks and citation omitted).   With respect to a Rule 11 challenge, a defendant's substantial rights are affected only where there exists "a reasonable probability that, but for the error, he would not have entered the plea."   *United States v. Vaval*, 404 F.3d 144, 151 (2d Cir. 2005) (internal quotation marks and citation omitted).

Berry has not established that he was insufficiently apprised of the maximum consequences of his guilty plea.   We have held that "a district court's failure to advise a defendant that sentences could run consecutively does not render a guilty plea invalid."   *United States v. Adams*, 955 F.3d

3

238, 245 (2d Cir. 2020); *see also United States v. Vermeulen*, 436 F.2d 72, 75 (2d Cir. 1970). Such is the case here. To be sure, "a district court must inform the defendant of the maximum possible sentence he faces on each count," but "Rule 11 does not require a district court to 'do the math' for a defendant," as "the logical inference from a listing of the maximum terms of imprisonment for the individual counts is that the terms of imprisonment for each could run consecutively." *Adams*, 955 F.3d at 246 (internal citation omitted). Berry was clearly informed both before and during his change of plea hearing that he faced a maximum term of imprisonment of "30 years per count." Gov. App'x 1; App'x 38. Because Rule 11 does not obligate a "district court to explicitly inform [the defendant] that his sentences could run consecutively," *Adams*, 955 F.3d at 246, the district court did not err in not so informing Berry prior to accepting his guilty plea.[1]

## II.     Sentencing

Berry next contends that the district court erred at sentencing in two ways: first by improperly construing his *pro se* statements against him in imposing a lengthy term of incarceration, and second by failing to adequately explain the basis for its chosen sentence, in violation of 18 U.S.C. § 3553(c). Because Berry did not object to either of these asserted errors below, we review them for plain error. *See United States v. Dantzler*, 771 F.3d 137, 141 (2d Cir. 2014) (reviewing for plain error an unpreserved objection to the materials a district court relied on in fashioning a

---

[1] At the plea hearing, the Government misstated Berry's recommended sentence under the United States Sentencing Guidelines as life in prison, when, properly calculated, the Guidelines sentence was 2,160 months (180 years). This error, however, presents no reason to believe "that accurate information would have made a difference in [Berry's] decision to enter a plea." *See United States v. Arteca*, 411 F.3d 315, 321 (2d Cir. 2005). As Berry was correctly informed that the Sentencing Guidelines recommended a term of incarceration that, practically speaking, amounted to life, there is no probability of prejudice flowing from this inaccuracy. Berry's reliance on it is thus unavailing.

sentence); *United States v. Villafuerte*, 502 F.3d 204, 211 (2d Cir. 2007) ("[P]lain error analysis in full rigor applies to unpreserved claims that a district court failed to comply with § 3553(c)."). Berry has failed to establish that the district court committed any error—let alone plain error—in imposing a 30-year term of incarceration.

Berry first objects to the district court's consideration of his *pro se* submissions as indicative of his lack of remorse and failure to appreciate the seriousness of his conduct. It is well established that "[d]istrict courts have broad discretion both as to the type of information they may consider in imposing [a] sentence and the source from which that information derives." *United States v. Messina*, 806 F.3d 55, 65 (2d Cir. 2015). Although criminal defendants have "no right to 'hybrid' representation, in which [they are] represented by counsel from time to time, but may slip into *pro se* mode for selected presentations," district courts nevertheless retain discretion to accept uncounseled submissions from represented defendants. *United States v. Rivernider*, 828 F.3d 91, 108 & n.5 (2d Cir. 2016) (internal citation omitted).

Here, Berry's criminal conduct involved a series of occasions in August and September 2018 on which he induced his wife to photograph and record sexual acts with their three-year-old son. The district court relied on Berry's "statements to probation and the letters [he] wrote and the transcripts that were on the record," in concluding that Berry did not fully appreciate the irreparable harm he caused to his wife and son. App'x 92. It was not error for the district court to consider all of Berry's statements—including those he made *pro se*—in gauging his level of remorse for his offense conduct. *See Pepper v. United States*, 562 U.S. 476, 488 (2011). Berry contends that *pro se* submissions, if accepted by the court, "must be construed liberally and interpreted to raise the strongest arguments that they suggest." Appellant's Br. 25 (quoting *United States v. Akinrosotu*, 637 F.3d 165, 167 (2d Cir. 2011)). The special solicitude afforded to the

5

legal points raised in *pro se* submissions, however, in no way restricts a sentencing court from using a defendant's own words to glean his personal characteristics for purposes of fashioning an appropriate sentence. *See* 18 U.S.C. § 3661 ("No limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence.").[2]

Berry next contends that his sentence should be vacated for procedural unreasonableness because the district court did not adequately explain the basis for his 30-year term of imprisonment. A district court is required, "at the time of sentencing, [to] state in open court the reasons for its imposition of the particular sentence." 18 U.S.C. § 3553(c). The district court satisfied this requirement by explaining on the record during the sentencing proceedings that Berry's lengthy prison sentence was appropriate in light of the seriousness of Berry's offenses, his efforts to shift culpability for the abuse onto his wife, and his lack of remorse. *See* App'x 91–92. In addition to identifying facts in support of the chosen sentence, the district court noted that it had "considered the applicable sentencing guidelines as well as the other factors listed in 18 United States Code Section 3553(a)." App'x 91. In these circumstances, the law does not require any more of an

---

[2] Berry argued, for the first time at oral argument, that the district court contradicted itself by rejecting his *pro se* motion to dismiss the indictment as an unauthorized filing, while considering the same *pro se* filings at sentencing. As a factual matter, the record does not establish that the district court declined to accept Berry's *pro se* motion. Rather, the district court explained that it denied the motion "for all the reasons set forth in the government's opposing affidavit," App'x 84, which included arguments that the motion was both untimely and unmeritorious, *see* App'x 57. The district court necessarily accepted Berry's *pro se* motion in considering these arguments. Moreover, even if the district court dismissed the motion as unauthorized, we are unpersuaded that it would have been prohibited from considering the motion's contents at sentencing, given the expansive discretion afforded to sentencing courts. *See* 18 U.S.C. § 3661.

explanation to justify the selected sentence than that which the district court provided.  *See Rita v. United States*, 551 U.S. 338, 359 (2007).

*     *     *

We have considered Berry's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court