23-6272-cr
United States v. Johnson

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 5ᵗʰ day of October, two thousand twenty-three.

PRESENT:
> DEBRA ANN LIVINGSTON,
> > *Chief Judge,*
> JOSÉ A. CABRANES,
> RICHARD J. SULLIVAN,
> > *Circuit Judges.*

───────────────────────────────────────────

United States of America,

> *Appellee,*

> v.                                                                    23-6272

Marvel Johnson,

> *Defendant-Appellant.*

───────────────────────────────────────────

**FOR APPELLEE:**

Kenneth L. Gresham, Connor M. Reardon, Assistant United States Attorneys, *for* Vanessa Roberts Avery, United States Attorney for the District of Connecticut, New Haven, CT.

**FOR DEFENDANT-APPELLANT:**

Marvel Johnson, pro se, Butner, NC.

Appeal from an order of the United States District Court for the District of Connecticut (Jeffrey Alker Meyer, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the district court is **AFFIRMED**.

Appellant Marvel Johnson pleaded guilty to one count of providing false statements and documentation to obtain Connecticut Medicaid benefits, a violation of 18 U.S.C. § 1035(a)(2). He was sentenced to a year in prison. Proceeding pro se, he now appeals the district court's order denying his 18 U.S.C. § 3852(c)(1)(A) motion for compassionate release, which he filed shortly after reporting to prison. The district court determined that Johnson failed to establish extraordinary and compelling reasons justifying his release and that the 18 U.S.C. § 3553(a) sentencing factors weighed against

2

a sentence reduction. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

A district court may exercise its discretion to reduce a defendant's term of imprisonment by granting a motion brought under 18 U.S.C. § 3582(c)(1)—the compassionate-release provision—if (1) the defendant has exhausted his administrative remedies; (2) the § 3553(a) factors favor a sentence reduction; and (3) the defendant's circumstances are extraordinary and compelling "such that, in light of these § 3553(a) factors, a sentence reduction is justified . . . and would not simply constitute second-guessing of the sentence previously imposed." *United States v. Keitt*, 21 F.4th 67, 71 (2d Cir. 2021) (per curium). If a district court determines that "one of [these] conditions is lacking, it need not address the remaining ones" when denying a defendant's motion under § 3582(c)(1)(A). *Id.* at 73. The district court's discretion under § 3582(c)(1)(A) is "broad," *United States v. Brooker*, 976 F.3d 228, 237 (2d Cir. 2020), and we will affirm unless its ruling was based on a legal or factual error, or cannot otherwise "be located within the range of permissible decisions," *Keitt*, 21 F.4th at 71.

Here, the district court did not abuse its discretion in finding that the § 3553(a) factors weighed against granting a sentence reduction, which provides a sufficient basis for us to affirm. *See United States v. Halvon*, 26 F.4th 566, 571 (2d Cir. 2022) (per curiam).

3

Referring back to and quoting its discussion from Johnson's original sentencing a mere five months prior, the court considered Johnson's history of engaging in fraud, the nature of the offense, and the need for a just punishment that would also protect the public, concluding that early release would not serve the purposes of sentencing. The court thus appropriately weighed the relevant § 3553(a) factors, even if it did not explicitly discuss them all. *See Halvon*, 26 F.4th at 571. And while Johnson contends that courts have granted motions for compassionate release in cases where the underlying crimes or sentences were more severe than his, he fails to show how those decisions, each rendered on a unique set of facts, constrained the district court's broad discretion to deny his own motion. *See ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 547 F.3d 109, 112 (2d Cir. 2008) (explaining that district-court decisions "create no rule of law binding on other courts").

Johnson's pro se appellate brief, which we construe liberally, *see United States v. Akinrosotu*, 637 F.3d 165, 167 (2d Cir. 2011) (per curiam), also raises a procedural challenge to the district court's decision. Specifically, Johnson asserts that the district court was required to weigh the § 3553(a) factors against the purported extraordinary and compelling health reasons warranting his release, and because the court did not find extraordinary and compelling circumstances, it could not have engaged in the weighing required by precedent. To support this assertion, he relies indirectly on *United States v.*

4

*Ebbers*, 432 F. Supp. 3d 421, 430–31 (S.D.N.Y. 2020), *abrogated on other grounds by United States v. Brooker*, 976 F.3d 228, 236 (2d Cir. 2020). But nothing in *Ebbers* requires a court to weigh the § 3553(a) factors against extraordinary circumstances when no extraordinary circumstances are apparent, and a contrary reading of the relevant language would directly contradict our controlling decision in *Keitt*. As we made clear there, if a district court determines that the § 3553(a) factors counsel against release, it may deny a compassionate-release motion on that basis alone and "need not determine whether . . . extraordinary and compelling reasons that might (in other circumstances) justify a sentence reduction" exist. *Keitt*, 21 F.4th at 73. The district court therefore was not required to weigh the § 3553(a) factors against extraordinary circumstances it had not found.

We have considered Johnson's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the order of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

5