*Chen v. Noem*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 22nd day of May, two thousand twenty-five.

Present:
> GUIDO CALABRESI,
> BARRINGTON D. PARKER, JR.,
> WILLIAM J. NARDINI,
> > *Circuit Judges*.

_____

BAOMING CHEN,

> *Plaintiff-Appellant*,

> v.                                                          24-2058-cv

KRISTI NOEM, IN HER OFFICIAL CAPACITY AS SECRETARY OF THE DEPARTMENT OF HOMELAND SECURITY, AND UR M. JADDOU, IN HER OFFICIAL CAPACITY AS DIRECTOR OF U.S. CITIZENSHIP AND IMMIGRATION SERVICES,

> *Defendants-Appellees*.*

_____

_____

* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), the Clerk of Court is respectfully directed to amend the caption as reflected above.

1

*For Plaintiff-Appellant*:                     SAMUEL I. FERENC (Andrew T. Tutt, Tess C. Saperstein, *on the brief*), Arnold & Porter Kaye Scholer LLP, Washington, D.C., and New York, NY; Jan Potemkin, Esq., Law Office of Jan Potemkin, New York, NY.

*For Defendants-Appellees*:                     ELLIOT M. SCHACHNER (Varuni Nelson, *on the brief*), Assistant United States Attorneys, *for* John J. Durham, United States Attorney for the Eastern District of New York, New York, NY.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Pamela K. Chen, *District Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the appeal is **DISMISSED** as moot, the June 6, 2024, judgment of the district court is **VACATED**, and the case is **REMANDED** with instructions to dismiss the complaint for lack of subject matter jurisdiction**.**

Plaintiff-Appellant Baoming Chen, a native and citizen of the People's Republic of China, appeals from a judgment of the United States District Court for the Eastern District of New York (Pamela K. Chen, *District Judge*) entered on June 6, 2024, dismissing for failure to state a claim Chen's action against Defendants-Appellees, the Secretary of the Department of Homeland Security and the Director of U.S. Citizenship and Immigration Services (USCIS) (collectively, the "Government"). *See Chen v. Mayorkas*, 736 F. Supp. 3d 151 (E.D.N.Y. 2024). Chen brought this action pursuant to the Mandamus Act, 28 U.S.C. § 1361, and the judicial review provisions of the Administrative Procedure Act, 5 U.S.C. § 706(1), seeking a court order directing USCIS to adjudicate and approve within 30 days his I-601A Application for Provisional Unlawful Presence Waiver ("I-601A"), which, he contends, USCIS had unreasonably delayed adjudicating. After the district court granted the Government's motion to dismiss pursuant to Federal Rule of Civil

Procedure ("Rule") 12(b)(6), and shortly after Chen filed his notice of appeal, USCIS approved his I-601A. Despite receiving the relief he sought, Chen continues to pursue his appeal, invoking two exceptions to the mootness doctrine—"voluntary cessation" of the challenged conduct and issues "capable of repetition, yet evading review." We assume the parties' familiarity with the case.

"Article III of the Constitution grants the Judicial Branch authority to adjudicate 'Cases' and 'Controversies.'" *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 90 (2013).[1] "To qualify as a case fit for federal-court adjudication, 'an actual controversy must be extant at all stages of review, not merely at the time the complaint is filed.'" *Arizonans for Official English v. Arizona*, 520 U.S. 43, 67 (1997) (quoting *Prieser v. Newkirk*, 422 U.S. 395, 401 (1975)). "A case becomes moot . . . when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome," *Already*, 568 U.S. at 91, making it "impossible for a court to grant any effectual relief whatever to the prevailing party," *Am. Freedom Def. Initiative v. Metro. Transp. Auth.*, 815 F.3d 105, 109 (2d Cir. 2016).

Chen does not dispute that his unreasonable delay claim was mooted when the Government granted his then-pending I-601A waiver. He nevertheless argues that approval of his I-601A soon after he filed this notice of appeal constituted a "tactic to evade judicial review," Appellant's Br. at 62, which triggers the voluntary cessation doctrine—"an exception to mootness that applies where a defendant voluntarily ceases the offending conduct—[that] aims to prevent parties from evading judicial review . . . by temporarily altering questionable behavior." *Ruesch v. Comm'r of Internal Revenue Serv.*, 25 F.4th 67, 70-71 (2d Cir. 2022).

---

[1] Unless otherwise indicated, when quoting cases, all internal quotation marks, alteration marks, emphases, footnotes, and citations are omitted.

As an initial matter, Chen offers no adequate basis for his contention that the Government's adjudication of his waiver was done as a matter of gamesmanship, in a ploy to thwart appellate review. All he points to is the fact that the Government granted the waiver on August 5, 2024—three calendar days (and as Chen points out, only one business day) after he filed his notice of appeal. This approval occurred approximately 40 months after Chen filed his application, which is consistent with USCIS's publicly disclosed data that as of June 5, 2024, it was then processing 80% of I-601A applications within 43 months, Joint App'x at 51 (quoting *USCIS*, *Check Case Processing Times*, https://egov.uscis.gov/processing-times/ (last visited June 5, 2024))—a fact of which we can take judicial notice, *see United States v. Akinrosotu*, 637 F.3d 165, 168 (2d Cir. 2011) (taking judicial notice of government website, which listed defendant's projected release date from prison).[2]

Putting aside the question of strategic behavior, we have held that "[a]n alleged wrongdoer's voluntary cessation of a disputed action will still render a case moot if the wrongdoer can show that (1) there is no reasonable expectation the action will recur, and (2) interim relief or events have completely and irrevocably eradicated the effects of the alleged violation," *Srour v. New York City*, 117 F.4th 72, 82 (2d Cir. 2024). The Government satisfies both requirements here.

First, there is no reason to believe that Chen will once again face delayed adjudication of his I-601A application, for the simple reason that his application is no longer pending. His argument to the contrary depends on speculation that the following chain of events will come to

---

[2] Consistent with this timeline, USCIS reports that processing times for I-601A waivers have gone down since then, with 80% of cases complete within 36 months. See *USCIS*, *Check Case Processing Times*, https://egov.uscis.gov/processing-times/ [https://perma.cc/P834-HHS9] (last visited May 13, 2025).

pass: that the Government will someday revoke his waiver; that he will then submit a new I-601A application; and that the Government will again unreasonably delay its adjudication. Chen directs our attention to USCIS regulations that allow the agency to "reopen and reconsider" its grant of the waiver, 8 C.F.R. § 212.7(e)(13), but the mere existence of such authority does not give rise to a "reasonable expectation" that the agency will in fact exercise it in his case. *See New Yorkers for Religious Liberty, Inc. v. City of New York*, 125 F.4th 319, 327–28 (2d Cir. 2024) (city's withdrawal of vaccine mandate mooted claim for injunctive relief because plaintiff demonstrated only that the city could "theoretical[ly] . . . reinstate[]" the mandate). Chen has alleged no specific facts that, if proven, would establish that the Government is considering revoking its approval of Chen's I-601A application. We are thus left with a hypothetical scenario that raises "at best, only a theoretical and speculative possibility" that Chen might one day experience another unreasonable delay in adjudication. *Lillbask ex rel. Mauclaire v. State of Conn. Dep't of Educ.*, 397 F.3d 77, 87 (2d Cir. 2005).

Likewise, the record does not suggest that Chen continues to suffer any adverse effects from the length of time taken by USCIS to approve his application. Chen contends that "there is a very real possibility" that USCIS's slow adjudication of his I-601A "has put into jeopardy [his] ability to ultimately obtain the visa that he seeks." Appellant's Br. at 66. But he offers no explanation of *how* the passage of time may have affected his ability to acquire a visa. Vague speculation is not enough. *See, e.g.*, *Connecticut Citizens Def. League, Inc. v. Lamont*, 6 F.4th 439, 445 (2d Cir. 2021) ("The unsupported, speculative assertion in plaintiffs' brief on appeal is insufficient to foreclose mootness.").

We are also unpersuaded by Chen's contention that the possibility he could obtain attorney's fees and costs pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d)(1)(A), saves this case from mootness. The Supreme Court has explained that an "interest in attorney's fees is . . . insufficient to create an Article III case or controversy where none exists on the merits of the underlying claim." *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 480 (1990); *see also Lamar Advert. of Penn, LLC v. Town of Orchard Park*, 356 F.3d 365, 378 (2d Cir. 2004) ("Lamar's potential receipt of attorney' fees, were it to be a 'prevailing party' . . . is in itself not enough to keep the controversy alive.").

Finally, Chen argues that this case meets the "capable of repetition, yet evading review" exception to mootness. "For this exception to apply, (1) [Chen] must have a reasonable expectation that [he] will be subject to the same challenged action again, and (2) the challenged conduct must be of too short a duration to be fully litigated before its cessation." *Exxon Mobil Corp. v. Healey*, 28 F.4th 383, 395 (2d Cir. 2022). We have already explained it is purely speculative that Chen might again be subjected to the delayed adjudication of an I-601A application.

\* \* \*

We have considered Chen's remaining arguments and find them to be unpersuasive. Typically, "[w]hen a civil case becomes moot on appeal from a federal district court, the appropriate disposition is to dismiss the appeal, reverse or vacate the district court judgment, and remand the case to the district court with instructions to dismiss the complaint." *N.Y.C. Emps.' Ret. Sys. v. Dole Food Co., Inc.*, 969 F.2d 1430, 1433 (2d Cir. 1992). Accordingly, the appeal is

6

**DISMISSED** as moot, the June 6, 2024, judgment of the district court is **VACATED**, and the case is **REMANDED** with instructions to dismiss the complaint for lack of subject matter jurisdiction.

FOR THE COURT:<br>
Catherine O'Hagan Wolfe,<br>
Clerk of Court