23-6583-cr
*United States v. Oliva*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 13ᵗʰ day of November, two thousand twenty-five.

PRESENT:
          AMALYA L. KEARSE,
          REENA RAGGI,
          MARIA ARAÚJO KAHN,
                    *Circuit Judges*,

_____

UNITED STATES OF AMERICA,

                    *Appellee*,

          v.                                                            23-6583-cr

ADELMIR OLIVA, AKA Sealed Defendant 9,

                    *Defendant-Appellant*.*

_____

---

\* The Clerk of Court is respectfully directed to amend the official case caption as set forth above.

FOR DEFENDANT-APPELLANT:     DONNA R. NEWMAN, Law Offices of
                             Donna R. Newman, PA, New York,
                             NY.

FOR APPELLEE:                ADAM S. HOBSON (Olga I. Zverovich,
                             *on the brief*), Assistant United States
                             Attorneys, *for* Damian Williams,
                             United States Attorney for the
                             Southern District of New York, New
                             York, NY.

Appeal from the May 11, 2023 judgment of the United States District Court for the Southern District of New York (Sidney H. Stein, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment is **AFFIRMED**.

Defendant-Appellant Adelmir Oliva ("Oliva") appeals from the district court's judgment of conviction following his guilty plea to one count of conspiring to distribute and to possess with intent to distribute heroin, fentanyl, and cocaine base, in violation of 18 U.S.C. § 371.  Oliva was sentenced principally to five years' imprisonment followed by three years' supervised release.  On appeal, he challenges the district court's imposition of two standard conditions and three special conditions of supervised release.  We assume the parties' familiarity with the underlying facts, the procedural history, and the issues on appeal, to which we refer only as necessary to explain our decision to affirm.

**DISCUSSION**

In recognition of the district court's "wide latitude in imposing conditions of supervised release," this court ordinarily reviews the "decision to impose a condition for

2

abuse of discretion." *United States v. Kunz*, 68 F.4th 748, 758 (2d Cir. 2023) (internal quotation marks omitted).  However, we review Oliva's challenge for plain error because he failed to object to these standard and special conditions below.[1]  *See United States v. Dupes*, 513 F.3d 338, 343 (2d Cir. 2008).

The district court retains broad discretion to impose standard and special conditions of supervised release that are reasonably related to:

> (A) the nature and circumstances of the offense and the history and characteristics of the defendant; (B) the need for the sentence imposed to afford adequate deterrence to criminal conduct; (C) the need to protect the public from further crimes of the defendant; and (D) the need to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

U.S.S.G. § 5D1.3(b)(1) (2021); *accord* 18 U.S.C. §§ 3553(a), 3583(d).  "Despite section 5D1.3(b)(1)'s use of the conjunctive, however, a condition may be imposed if it is reasonably related to any one or more of the four specified factors." *United States v. Bolin*, 976 F.3d 202, 210 (2d Cir. 2020) (alterations adopted) (quoting *United States v. Brown*, 402 F.3d 133, 137 (2d Cir. 2005)).  Additionally, standard and special conditions of supervised release must "involve no greater deprivation of liberty than is reasonably necessary" to

---

[1] The "less stringent" form of plain error review Oliva seeks is inappropriate for the standard conditions and the first two special conditions of supervised release challenged on appeal because Probation's Pre-Sentence Report ("PSR") provided sufficient advance notice that the conditions might be imposed. *See United States v. Matta*, 777 F.3d 116, 121 (2d Cir. 2015).  As to the third special condition, we find no error, regardless of whether a normal or "relaxed" standard of plain error applies. *See infra* Discussion Section IV.

advance the purposes of sentencing and be "consistent with any pertinent policy statements issued by the Sentencing Commission." U.S.S.G. § 5D1.3(b)(2) (2021); *accord* 18 U.S.C. § 3583(d)(2)–(3).

## I. Standard Conditions Five and Six

Oliva posits that the district court plainly erred by imposing standard conditions five[2] and six[3] without an individualized explanation of how they were "reasonably related" to the relevant factors set forth in § 5D1.3(b). Appellant's Br. 21–25. Furthermore, Oliva contends that these two factors constitute a greater deprivation of his liberty than necessary. Both arguments are meritless.

Standard conditions of supervised release are "recommended" and often represent "expansions of the conditions required by statute." U.S.S.G. § 5D1.3(c) (2021). Although standard conditions are "presumed suitable in all cases," *United States v. Sims*, 92 F.4th 115, 119 n.1 (2d Cir. 2024) (quoting *United States v. Thomas*, 299 F.3d 150, 153 (2d Cir. 2002)), these conditions are discretionary and remain subject to the requirements of

---

[2] Standard condition five provides that Oliva "must live at a place approved by the probation officer," and that, if he plans to move or change anything about his living arrangement, he "must notify the probation officer at least 10 days before the change." App'x 80. If notifying the probation officer in that time frame is not feasible due to unforeseen circumstances, Oliva "must notify the probation officer within 72 hours of becoming aware of a change or expected change." *Id.*

[3] Standard condition six requires Oliva to "allow the probation officer to visit [him] at any time at [his] home or elsewhere, and [to] . . . permit the probation officer to take any items prohibited by the conditions of [his] supervision that he or she observes in plain view." App'x 80.

§ 5D1.3(b)(2). Where the district court does not provide an on-the-record explanation, we may affirm the imposition of any discretionary condition—including standard conditions—where the rationale behind it is "self-evident in the record." *United States v. Thompson*, 143 F.4th 169, 177 (2d Cir. 2025) (quoting *United States v. Betts*, 886 F.3d 198, 202 (2d Cir. 2018)).

Rather than providing an individualized explanation, the district court stated that it was requiring compliance with standard conditions one through twelve, which were "set forth on pages 24 and 25" of the PSR. App'x 72. The district court also confirmed that Oliva and defense counsel read and discussed the PSR and provided Oliva with an opportunity to object to it. *See* App'x 58-59. This complies with the requirement we recently articulated in *United States v. Maiorana*. *See* 2025 WL 2471027, at *6 n.12 (2d Cir. Aug. 28, 2025) (*en banc*) ("There is an easy way to ensure that a defendant has notice of and an opportunity to object to all proposed conditions: Include them in the PSR. At sentencing, a District Court 'must verify that the defendant and the defendant's attorney have read and discussed the presentence report and any addendum to the report.' Fed. R. Crim. P. 32(i)(1)(A). And a defendant must be given an opportunity to object to the PSR. *See* Fed. R. Crim. P. 32(f). If all proposed discretionary conditions are listed in the PSR, that would assure a sentencing court (and a reviewing court) that a defendant has received notice of all such conditions and had a meaningful opportunity to object. That practice—while not required—would efficiently avoid most challenges of the sort raised

5

here."). Further, the rationale for imposing the challenged standard conditions is evident from the record. Standard condition five pertains to Probation's ability to approve of and monitor Oliva's living arrangements, while standard condition six allows Probation to visit with Oliva and confiscate any prohibited items observed in plain view. Here, the district court expressly adopted the facts set forth in the PSR, which included descriptions of Oliva's drug trafficking, his possession and use of firearms, and his housing insecurity. These facts amply support the imposition of these conditions.

We also reject Oliva's assertion that the standard conditions amount to a greater deprivation of liberty than necessary. Both conditions were reasonably deemed necessary to furthering Probation's ability to reduce recidivism and promote Oliva's reintegration. This conclusion is especially warranted considering the record evidence that Oliva possessed firearms on multiple occasions, sold drugs as part of a gang that lived and trafficked narcotics in the vicinity of East 194th Street in the Bronx, and suffered from housing instability when previously living with his mother—the person he plans to live with, at least temporarily, while on supervision. As such, the district court did not err, plainly or otherwise, in imposing standard conditions five and six.

## II. Outpatient Drug Treatment Condition

Oliva next challenges the district court's imposition of a special condition of supervised release requiring that he participate in an outpatient treatment program approved by Probation (the "Drug Treatment Condition"). In particular, he argues that

6

the district court failed to offer an individualized explanation for the condition, and that there was no readily apparent basis for it in the record. We are unconvinced.

"[A] district court is required to make an individualized assessment when determining whether to impose a special condition of supervised release, and to state on the record the reason for imposing it; the failure to do so is error." *Thompson*, 143 F.4th at 177 (quoting *Betts*, 886 F.3d at 202). Again, the failure to provide such an assessment is harmless error where the rationale supporting the condition's imposition is "self-evident in the record." *Id.* (quoting *United States v. Balon*, 384 F.3d 38, 41 n.1 (2d Cir. 2004)).

The Guidelines explicitly observe that "[i]f the court has reason to believe that the defendant is an abuser of narcotics, other controlled substances or alcohol," it may require participation in a drug treatment program. U.S.S.G. § 5D1.3(d)(4) (2021). In this case, Oliva informed Probation that he began smoking marijuana as a teenager and consumed it daily until his arrest in 2020. This admission alone provides a sufficient basis to conclude that the district court did not plainly err in imposing the Drug Treatment Condition. His apparent drug-free record while incarcerated warrants no different conclusion because the district court could reasonably conclude that Oliva would face greater temptation and opportunity to abuse drugs on his release from custody.

### III.    Reasonable-Suspicion-Based Search Condition

Oliva also contests the district court's imposition of a special condition of supervised release that requires him to "submit [his] person, and any property, residence,

7

vehicle, papers, computer, other electronic communication, data storage devices, cloud storage or media, and effects to a search" by law enforcement provided there is reasonable suspicion he violated a condition of supervision (the "Search Condition"). App'x 81. Specifically, Oliva contends that no individualized explanation of the Search Condition was provided, the rationale for the condition is not readily apparent in the record, and that the condition itself constitutes a greater deprivation of liberty than necessary. We disagree.

Although Oliva is correct that the district court did not articulate its reasons for imposing the Search Condition at sentencing, its grounds for doing so are evident from the record. As previously noted, Oliva personally possessed multiple firearms on multiple occasions. What's more, he sold controlled substances for at least half a decade as part of a gang that conducted their trafficking enterprise by phone. Oliva also regularly posted on social media about the exploits of his drug dealing, including photographs of controlled substances and large sums of cash. Thus, the imposition of the Search Condition is reasonably related to the nature of the offense—namely, drug distribution and firearm possession—as well as the need to afford adequate deterrence and protect the public from the risk of Oliva's further crimes. *See* 18 U.S.C. § 3553(a)(2)(B)–(C).

## IV.    GED Condition

Lastly, Oliva challenges the district court's imposition of a special condition of supervised release requiring that he obtain a General Educational Development

8

certificate (the "GED Condition"). He contends that this mandates a "condition of supervised release which *may* not be achievable for Oliva and thus could cause him to violate this condition of supervised release, subjecting hi[m] to punishment . . . ." Appellant's Br. 31 (emphasis added). We identify no error.

Oliva concedes that the condition is reasonably related to his personal history and rehabilitation. Further, the record suggests Oliva may be more than capable of obtaining his GED.[4] Thus, his professed fear of being violated on a potentially unattainable condition is entirely hypothetical and unlikely. *See generally United States v. Akinrosotu*, 637 F.3d 165, 168 (2d Cir. 2011) (finding challenge to condition of supervision unripe where asserted harms were "purely hypothetical"). We further note that Oliva can always seek modification of a supervised release condition if circumstances arise making compliance impossible. *See* 18 U.S.C. § 3583(e) (authorizing district court to "modify, reduce, or enlarge the conditions of supervised release"). Accordingly, Oliva's challenge to the GED Condition fails.

---

[4] As the record indicates, first, Oliva is highly motivated. In a letter to the district court, he expressed a desire to "complete [his] GED," "go to college just like [his] two other siblings," and "obtain a degree in engineering specializing in construction." Oliva Sentencing Letter at 2, *United States v. Oliva*, 20-CR-126-SHS (S.D.N.Y. Mar. 21, 2023), Dkt. No. 395. Oliva also noted that he had already successfully completed eight courses while incarcerated. *Id.* at 1–2. Second, Oliva reported to Probation that he received As and Bs in middle school, and defense counsel below specifically emphasized his client's intelligence. Third, although Oliva was expelled from high school, that was due to a disciplinary issue, not academic performance.

\*     \*     \*

We have considered Oliva's remaining arguments and conclude that they are without merit.  For the reasons set forth above, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court